(Decided 1st June, 1869.)

JACOB T. HALL, WILLIAM W. HALL AND LUTHER D. JONES *vs.* WILLIAM HOLMES, Administrator of RICHARD HOLMES. DE WILTON SNOWDEN, ISAAC SCAGGS AND WILLIAM W. HALL *vs.* SAME.

*When an Appeal lies — Motion to strike out a Judgment.*

An appeal lies from an order overruling a motion to strike out a judgment, whether the motion be made during the same term, or at a term subsequent to that at which the judgment was rendered.

Hall, *et al. vs.* Holmes, Adm'r.

A judgment will not be set aside after the expiration of the term at which it was rendered, except upon clear proof of fraud, surprise or irregularity.

APPEALS from the Circuit Court for Prince George's County.

These were writs of *scire facias* issued on the 16th of July, 1863, returnable to the November Term, 1863, of the Circuit Court for Prince George's county, and were returned to that term by the sheriff, endorsed "*scire feci*, William W. Hall; " Hall was one of the defendants in each case. A general appearance for all the defendants was entered by William H. Tuck and N. C. Stephens, and a *fiat* confessed, and rendered on terms, all payments on the judgments to be allowed. At the same term, the defendants moved the Court to strike out the "*fiats*," and the Court allowed the motion, and the "*fiats*" were stricken out, and the cases were continued to the following April Term, 1864, under the rule to plead.

On the first Monday of April, 1864, the defendants filed certain pleas, and among others, the plea of limitations. Issues were joined on these pleas, and the causes submitted to the Court for trial. The Court gave judgment on all the issues for the plaintiff, and entered "*fiats*" in both cases. At the November Term, 1865, the fourth succeeding term after the entry of "*fiats*," the defendants moved the Court to strike out the *fiats*, and to enter continuances, &c., and filed certain reasons therefor. On the 13th of April, 1866, the defendants filed an affidavit of Wm. W. Hall, one of the defendants, in support of said motion and reasons, and on the 16th of the same month filed additional reasons, not supported by affidavit. The Court, on hearing the motion and reasons, over-ruled the same, and refused to strike out the *fiats*. From this refusal to strike out, the present appeals were taken.

The cause was argued before BARTOL, C. J., STEWART, GRASON and ALVEY, J.

*William H. Tuck*, for the appellants.

*Thomas F. Bowie*, for the appellee.

GRASON, J., delivered the opinion of the Court.

These two cases are contained in the same record, were argued together, and, as the facts and proceedings are the same in both, they will be considered together in this opinion.

The first question to be considered, arises upon the motion to dismiss the appeals, upon the ground that an appeal does not lie from an order overruling a motion to strike out a judgment, and the cases of *Hawkins vs. Jackson*, 6 *H. & J.*, 151; *Washington vs. Hodgskin*, 12 *G. & J.*, 355; *Thomas vs. Mohler & Graff*, 25 *Md.*, 44, and the *Cumberland Coal Co. vs. McKaig, et al.*, 27 *Md.*, 258, were cited in support of the motion.

In the case of *Hawkins vs. Jackson*, the motion to strike out the judgment was made during the same term at which the judgment was entered, and was based not upon the ground of fraud, deceit or surprise, but upon the allegation that the defendant had employed counsel to defend the suit, who had failed to file the pleas, and because he had a good defence upon the merits. The motion in that case was addressed to the discretion of the Court, it was overruled, the defendant excepted and took an appeal, and although the Court of Appeals said that an appeal did not lie under such circumstances, yet the Court did actually entertain the appeal, and reversed the judgment for the reason that the declaration set out no cause of action, but showed that payment of the bill of exchange sued on, was not demanded in time, and that the appellant, who was sued as endorser, was discharged from his liability. The other cases cited by the counsel of the appellee do not apply to the cases now under consideration. It is true that an appeal will not lie from an order of the Court striking out a judgment, where the motion is made

during the term at which the judgment was entered, because, during the term, the judgment is under the control of the Court, and if set aside, the rights of neither party are determined, and the case stands for trial immediately, and the plaintiff may proceed with the trial at the same term. But the case is very different where the motion to strike out the judgment is overruled by the Court; for then the liability of the defendant is fixed and determined, and his right of appeal accrues, without which he would be entirely remediless. From orders overruling motions to strike out judgments, we are clearly of opinion that appeals lie, whether the motions be made during the same term, or at a term subsequent to that at which the judgment was rendered; so that whether the appeals in the cases now under consideration were taken from the orders overruling the motions, or from the *fiats* themselves, the cases are properly before this Court.

The pleadings show that the issues joined were submitted to the Court for trial, and the record contains no statement of the evidence upon which the judgments of the Court below were founded, and no exceptions were reserved, and therefore there is nothing for this Court to review, so far as the *fiats* are concerned, and the judgments are conclusive upon the parties

A judgment will not be set aside after the expiration of the term at which it was rendered, except upon clear proof of fraud, surprise, or irregularity. The motions and reasons filed in these cases, do not allege that the *fiats* were obtained by fraud or surprise, nor is there any proof in the record that they were irregularly entered. The only affidavit filed is that of William W. Hall, who is a defendant in each of the cases, and in it is a statement that the *fiats* "were rendered by surprise; that neither he nor either of the other defendants, nor either of their attorneys, confessed the *fiats*, but that they were rendered in the absence of the defendants' attorneys, and when the said defendants had a good defence thereto, and had plead the same to the best of their knowledge and belief."

Although this affidavit states that the *fiats* were rendered by surprise, no facts are stated from which the Court could determine that the defendants had been taken by surprise, beyond the fact that their attorneys were absent from the Court when the *fiats* were entered. No sufficient cause for their absence has been shown, ánd the reasons and affidavit do not furnish any cause for striking out the *fiats*. The judgments of the Court below, must, therefore, be affirmed.

*Judgments affirmed.*

(Decided 1st June, 1869.)