SOPHIA B. MERRICK, Executrix of JOSEPH J. MER-
RICK *vs.* THE BALTIMORE AND OHIO RAILROAD
COMPANY.

*Appeal to the Supreme Bench of Baltimore City —
When an Appeal will not lie to the Court of
Appeals.*

An appeal lies to the Supreme Bench of Baltimore City, from an order of
the Baltimore City Court, refusing to strike out a judgment by default
rendered therein.

The Baltimore City Court refused to strike out a judgment by default, on
motion made during the term at which the judgment was entered.
From the order refusing to strike out an appeal was taken to the Su-
preme Bench of Baltimore City, which passed an order striking out the
judgment and granting a new trial on condition that the defendant
should not plead the Statute of Limitations. From this order of the
Supreme Bench no appeal lies to the Court of Appeals.

APPEAL from the Supreme Bench of Baltimore City.

This suit was commenced by the appellant on the 11th of
September, 1868, by the filing of a *narr.* containing two
counts, one for work and labor done, and the other for ser-
vices rendered by the plaintiff's testator, in his lifetime, as
agent and attorney, in obtaining from the Legislature an Act
(1835, ch. 395) authorizing a subscription by the State of
three millions of dollars to the capital stock of the appellee,
which subscription was made by the State pursuant to the
provisions of said Act. With the *narr.* there was filed an
account and affidavit, purporting to be in accordance with the
provisions of the Act of 1864, ch. 6. The usual summons
was issued, and a copy of the *narr.* was sent with it to be
served on the defendant. The sheriff returned the writ on
the return day named therein, the second Monday of Septem-
ber, endorsed, "summoned by service on J. J. Atkinson,
Treasurer of the Baltimore and Ohio R. R. Co. Copy left."
No appearance was entered for the defendant, and on motion

of the plaintiff, a judgment by default was entered the next day. A statement of other facts in the case will be found in the opinion of this Court.

The cause was argued before STEWART, MILLER, ALVEY, and ROBINSON, J.

*Benjamin Price* and *I. Nevett Steele,* for the appellant.

The Supreme Bench had no jurisdiction of the case. The matter of striking out the judgment rested entirely with the Baltimore City Court, and was so purely within its discretion that its action in the premises is not the subject of an appeal. *Robinson vs. Commissioners of Harford County,* 12 *Md.,* 141; *Rutherford vs. Pope, &c.,* 15 *Md.,* 581; *Evans' Prac.,* 437.

An appeal should have been entered from the order extending the judgment if the appellee wished to test questions of law. *Anderson vs. State,* 5 *H. & J.,* 175; *Boteler & Belt vs. State, &c.,* 7 *G. & J.,* 113; *Wylie vs. Cox,* 14 *How.,* 1.

If the Supreme Bench had power to interfere at all, it could only have been exercised to direct the Baltimore City Court to act. *Shipley and Wife vs. Wood,* 4 *Md.,* 497.

*John H. B. Latrobe,* for the appellee.

No appeal lies to this Court from the order of the Supreme Bench striking out the judgment of the City Court and granting a new trial.

The Constitution of 1867, Article 4, sec. 34, defining the powers of the Supreme Bench, declares that "the same right of appeal to the Court of Appeals shall be allowed from the determination of the said Court on such matters as would have been the right of the parties if said matters had been decided by the Court in which said cases were tried." The order of the Supreme Bench striking out the judgment and granting a new trial is to be regarded, therefore, as if made by the City Court. And it is clear that if the City Court, in the absence of the constitutional provision, had stricken

out the judgment and granted a new trial, on a motion to that effect, such action would not have been a subject of appeal.

It is very true that the Act of 1785, ch. 87, sec. 6—re-enacted in the Code of Public General Laws—authorizes an appeal from any judgment or determination of any Court of law; but it has always been held to limit the right so as not to include matters resting exclusively in the sound discretion of the Court. *Crockett vs. Parke,* 7 *Gill,* 237; *Elliott vs. Eustace,* 6 *Md.,* 506; *Rutherford vs. Pope,* 15 *Md.,* 579; *Anderson vs. The State,* 5 *H. & J.,* 174; *Wall's Ex. vs. Wall,* 2 *H. & G.,* 79; *Boteler & Belt vs. State, &c.,* 7 *G. & J.,* 109; *Calvert vs. Carter,* 18 *Md.,* 108.

A judgment may, for sufficient cause, be stricken out after the term at which it was entered. *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 374; *Kemp vs. Cook,* 18 *Md.,* 138; See *The State vs. Cox,* 2 *H. & G.,* 379, and *Montgomery vs. Murphy,* 19 *Md.,* 576, as to the circumstances under which the Court will open a judgment, on motion, after the term has passed, under the Act of 1787, ch. 9. *Evans' Practice,* (2d ed.,) 438.

And, in view of the facts in this case, there were the strongest reasons to justify the action of the Supreme Bench, even should it be held that the motion in question was made after the term had ended. But, it was made in due season, and during the term at which the judgment to be affected by it was entered.

The judgment by default was entered on the 15th of September and on the 13th of October following, it was extended. The motion to strike out was made on the 15th of October. The motion to strike out the judgment was therefore made during the term at which it was entered; and, having been made in due season, and the Supreme Bench occupying on the appeal, the position of the City Court in regard to the judgment, and having ordered it to be stricken out, its decision was final and no appeal lies from it. As a consequence, the present appeal should be dismissed.

ALVEY, J., delivered the opinion of the Court.

This is an appeal from the Supreme Bench of Baltimore City, and the question preliminary to all others is one of jurisdiction of that Court to review on appeal an order of the Baltimore City Court, refusing to strike out a judgment rendered therein by default.

It appears that the judgment by default, in favor of the present appellant against the appellee, was entered, on motion, on the 15th of September, 1868, and on the 13th of October following, it being after the first return day succeeding the return of the writ, on motion of the appellant, the judgment was extended under the Act of 1864, ch. 6.

During the term at which this judgment was entered and extended, and only two days after the latter act, the appellee appeared by its attorney and moved the Court to strike out the judgment by default previously entered, and also the extension thereof; and assigned as reasons therefor, among others, that there had been irregularties in obtaining the judgment, and also surprise of the appellee. This motion was supported by affidavits, and counter affidavits were filed on the part of the appellant.

The Judge in the City Court supposing that the application to strike out involved some question of law that had been determined by him on the motion to extend the judgment, and that his jurisdiction in the premises had been exhausted, refused the motion to strike out upon the ground of want of jurisdiction, and left the present appellee to its remedy by an appeal to the Supreme Bench. In the conclusion of his opinion filed, on disposing of the motion to strike out, he said that he should dismiss such motion for want of jurisdiction, and, in the docket entries of the cause the motion is entered as overruled generally. So that it clearly appears that the motion was definitively determined and disposed of in the City Court.

An appeal was taken to the Supreme Bench, and after full hearing there, it was ordered that the judgment entered by

the City Court should be stricken out, and a new trial had therein, on condition however, that the defendant should not plead the Statute of Limitations. It is from that order of the Supreme Bench that the present appeal is taken. And as ground for reversal of this order, it is contended that the Supreme Bench acted without warrant or sanction of law, and, consequently, without jurisdiction, in opening the judgment entered in the City Court; first, because the motion was addressed to the sound discretion of the Judge of the latter Court, and as he refused to gratify the motion, no matter upon what ground, no appeal would lie; and secondly, because in disposing of the motion to strike out no such matter or question of law was determined as to entitle the present appellee to appeal to the Supreme Bench for review.

To determine this question of jurisdiction of the Supreme Bench it is only necessary to refer briefly to the 33d section of the 4th Article of the Constitution, which limits and defines the powers and jurisdiction of that tribunal. Over all motions for new trials, and motions in arrest of judgments, made in the several common law Courts of the city, before the recent Act of the Legislature, its jurisdiction was original, being required to hear such motions in the first instance, as a Court in *banc.* But upon any other "matters of law *determined* by the said Judge or Judges, while holding said several Courts," its jurisdiction was appellate merely, and not original; having no power to hear until the matter of law had been *determined* in one of the several Courts referred to. This would seem to be the obvious interpretation of the section of the Constitution in question, but which has been, by power derived from the Constitution itself, materially modified by the Act of 1870, ch. 177; which Act, however, has no application to this case.

Now, whether, by overruling and dismissing a motion to strike out a judgment entered in one of the Courts contemplated by the section of the Constitution, such question or

matter of law was determined as to entitle the party aggrieved to the right of appeal to the Supreme Bench, is a question that would seem, upon the comprehensive language of the Constitution, to be altogether free of doubt. In all such motions matters of law are necessarily involved. It would be difficult, indeed, to imagine a case of the kind that did not in some respect involve matter of law, as well as matter of fact, if contested, and especially so when the motion is founded upon reasons assigned, such as in this case. The question as to the sufficiency of the affidavit filed, and also of the right of the plaintiff to file another account at the time of extending the judgment, were matters of law. Whether the party applying moves at the proper time, and in the proper mode and form, according to the rules and practice of the Court, or assigns sufficient or insufficient reasons for the relief sought, are matters of law; and the very refusal of the motion itself without reference to the particular grounds assigned for it, requires the Court to re-affirm the validity of the judgment as against the defendant, which is a conclusion of law. And this although the application may be said, in some sense, to be addressed to the discretion of the Court. The question is, whether from the nature of the motion matters of law were required to be determined in finally disposing of it, and not whether it was disposed of upon one ground rather than another. The legal result was the matter to be reviewed by the Supreme Bench, and not the particular reason upon which the City Court acted in overruling the motion. The motion was finally overruled, and the party making it put out of Court without relief, and its only remedy was an appeal, to which we think it was clearly entitled.

The appeal to the Supreme Bench having been properly taken, and that Court having ordered the judgment to be stricken out and a new trial to be had of the cause, the next question for this Court to decide is, whether an appeal lies from such order of the Supreme Bench to this Court? And we are clear in the opinion that it does not.

The motion to strike out was made during the term at which the judgment was entered, and, in such case, where the motion prevails and the judgment is stricken out, it has been recently decided by this Court, in the case of *Hall vs. Holmes*, 30 *Md.*, 558, that no appeal will lie; though otherwise if the motion be refused. If, therefore, the City Court had ordered the judgment to be stricken out in the first instance, clearly no appeal could have been taken to this Court. And as the right of appeal to this Court from the Supreme Bench is only allowed " on such matters as would have been the right of the parties if said matters had been decided by the Court in which said cases were tried," (*Const., Art.* 4, *sec.* 33,) it follows that this appeal cannot be maintained. It is therefore dismissed.

*Appeal dismissed.*