Mr. Chief Justice Alvey
delivered the opinion of the Court:
This appeal comes into this court from an order of the *366 court below refusing to vacate and set aside a judgment and grant a new trial.
There are three questions presented. First, whether the case is properly in this court because of the failure of the appellant to have served on the appellee a citation of appeal within time. Second, whether the order refusing to vacate the judgment and grant a new trial is an order from which an appeal will lie; and, Third, if an appeal will lie from such order, whether the court below was in error in refusing to vacate the judgment and grant a new trial.
1. With respect to the first of these questions, the record shows that the appellant was without fault; that the citation was duly issued within time, but, owing to some mistake or oversight in the marshal’s office, it was not served. This omission or mistake should not be allowed to defeat the right of appeal attempted to be exercised by the appellant. Dayton v. Lash, 94 U. S., 112. Besides, the appellee has appeared in this court, and in addition to a motion to dismiss the appeal upon the ground of non-service of citation, resists the appeal upon the other and distinct grounds than that of failure to serve citation; and this, we think, operates as a waiver of the citation. Jones v. Andrews, 10 Wall., 327.
2. As to the second question, that we understand is not pressed, though not expressly waived. In cases where applications are made to vacate judgments for any of the specific causes mentioned in the Maryland act of 1787, Ch. 9, Sec. 6, it has been uniformly held that, upon the refusal of such application, an appeal will lie by. the defendant, because the judgment in such case is final and conclusive. Green v. Hamilton, 16 Md., 317 ; Hall v. Holmes, 30 Md., 558; Poe, Pl. & Pr., Vol. 2, Sec. 389.
3. Then, as to the third question, that requires something more to be said. The motion to vacate the judgment is founded upon the alleged deceit and surprise of the defendant or his attorney, and these are among the causes mentioned in the act of November, 1787, Ch. 9, for vacating judgments. By that act, Section 6, it is provided: “That in *367 any case where a judgment shall be'set aside for fraud, deceit, surprise or irrregularity, in obtaining the same, the said courts respectively may direct the. continuances to be entered from the court whén such judgment was obtained, until the court such judgment shall be set aside,” etc. The court, in acting upon the motion to vacate or set aside the judgment under this provision of the statute, acts in the exercise of a quasi equitable jurisdiction; and to justify the vacation or setting aside a judgment, proof not less strong and satisfactory of fraud, deceit or surprise, is required than is required in a court' of equity, when the judgment is sought to be annulled there for such causes in obtaining the same. Before a solemn judgment will be vacated upon such grounds, the proof must be clear and beyond reasonable doubt or question.
The action in this case was upon a promissory note, and with the declaration was filed an affidavit of the plaintiff, showing the nature and extent of the claim. The defendant pleaded to the action, denying indebtedness, and with his pleas he filed an affidavit of defense, under the rule of court, simply denying all consideration for the note sued on. The case was ready for trial, and was reached and called for trial in the regular course and order of proceeding of the court. When the case was so reached and called, neither the defendant nor his counsel was present in court, but the plaintiff by his counsel proceeded to trial before a jury, and took a verdict for the plaintiff for the amount of the note with interest, and judgment was entered thereon.
The next day, November 21, 1893, the defendant, by his counsel, filed a motion to set aside the judgment, as having been obtained by deceit and surprise. This motion, however, was not supported by any affidavit appended thereto or filed therewith; and it was not until two days thereafter that the counsel for the defendant filed an affidavit, stating his version and understanding of a conversation that had' occurred, a few days before the trial, between himself and one of the counsel for the plaintiff, in regard to having a *368 time specially fixed for the trial of the case. That, of course, was a matter exclusively within the discretion of the court, whether a special time could be fixed or not. No agreement of the counsel of the parties could control the discretion of the court. The affidavit of the counsel for the defendant has been answered, and in some material particulars controverted, by an affidavit of the counsel for the plaintiff. In answer to the statement in the affidavit filed for the defendant, that counsel was to be informed of the action of the court upon the application to have a day fixed for the trial, it is stated, in the affidavit of the counsel for the plaintiff, that the counsel for the defendant was admonished at the time that he had better be in court when the case was reached in regular call; but he failed to attend.
The motion to set aside the judgment did not conform to the requirement of the rule of court upon the subject. Rule 88 of the Supreme Court of the District provides:
“ The motion must be made in writing, and the grounds upon which it is founded’ must be sworn to by the mover, and supported by affidavits, or otherwise as may be required; and a copy of the motion and accompanying papers must be served on the opposite party at least four days, Sundays excluded, before the day fixed for the hearing,” referring to the Act of Maryland of November, 1787, Ch. 9, Sec. 6.
The facts alleged in the motion were not supported as required by the rule. The defendant, the mover to have the judgment set aside, did not swear to the facts alleged in the motion; and his subsequent affidavit only reiterated what was stated in his affidavit of defense, that there was no consideration for the note. With the question of defense to the action we have nothing to do on this appeal; it is only as to the circumstances under which the judgment was obtained.
The court below appears to have treated the motion as one simply for a new trial, and so ruled upon it, according to the entry in the record. And if we so treat it, of course, no appeal would lie from the ruling of the court. But, *369 treating the case as one arising under the act of November, 1787, Ch. 9, there is no sufficient ground shown for vacating the judgment. A party who neglects his case, or fails to attend the court when his case is regularly called for trial, and thereby allows a judgment to be rendered against him by default, assumes a difficult task to perform, in any subsequent effort to have such judgment set aside. The onus is wholly upon him, and he must furnish clear and indubitable proof of the alleged fraud, deceit or surprise, in order to entitle him to relief. In this case he fails to furnish such proof; and the judgment and order appealed from must be affirmed.

Judgment affirmed.