## DUNN v. THOMPSON et al.

No. 20817.   Opinion Filed April 5, 1932.

Clarence Robison, for plaintiff in error.

Waldrep, Haight & Winterringer, for defendants in error.

HEFNER, J. This is an action brought in the district court of Pottawatomie county by Thomas W. Dunn against E. L. and Myrtle Thompson to recover on three promissory notes of $200 each, and to foreclose a real estate mortgage given to secure the same. Defendants pleaded payment, satisfaction, and release of the mortgage. A jury was empaneled to try the case and, at the conclusion of the evidence, on motion of plaintiff, the court directed a verdict in his favor for the amount due on the notes, but held the defense of release of the mortgages sustained by the evidence and refused to enter a decree foreclosing the mortgage.

Plaintiff has appealed and asserts that the judgment of the trial court that plaintiff had released his mortgage is not sustained by the evidence, and is contrary to law.

Plaintiff admits that he executed a release of his mortgage, but contends that the same was without consideration, and is therefore not binding on him. His was a third mortgage, executed February 28, 1920. Delila B. Powell held the first mortgage against the premises in the sum of $1,500, and the Conservative Loan & Trust Company held a second mortgage in the sum of $300. Mrs. Powell brought an action to foreclose her mortgage, in which she made the holders of the other mortgages parties defendant. After the institution of the foreclosure proceedings, the attorneys for Mrs. Powell wrote plaintiff requesting a release of his mortgage, stating that the premises were not worth the incumbrances then against them and that, if he would execute a release thereto, Mrs. Powell could obtain a deed from defendants to the premises and avoid the expenses of foreclosure. In compliance with this request, plaintiff executed a release and mailed it to the attorneys. The release, however, was not, at that time, delivered to defendants, nor was it placed of record. Neither did the defendants execute a deed to Mrs. Powell covering the premises.

It appears that at that time defendants were negotiating for the sale of an oil and gas lease on the premises and were endeavoring to raise sufficient money through such sale to pay the second mortgage, back taxes on the land, and back interest on the first mortgage, and thus reinstate the mortgage. Mrs. Powell's attorneys mailed the release to Goode & Dierker, attorneys for the receiver of the Conservative Loan & Trust Company, holder of the second mortgage. The receiver, upon receipt of the release from his attorneys, got in communication with defendants and suggested that if they would execute an oil and gas lease on the land, and a mineral deed to 20 acres of the royalty, sufficient money could be realized to pay off and discharge the second mortgage, pay back interest, and back taxes, and reinstate the first mortgage. A trade was consummated whereby defendants executed an oil and gas lease and a mineral grant to 20 acres as suggested. They received sufficient funds from this source to satisfy the second mortgage and make a satisfactory adjustment for the reinstatement of the first mortgage, and the suit for foreclosure was dismissed by Mrs. Powell. Upon the execution of the oil and gas lease and the mineral grant, the release executed by plaintiff was delivered to defendants and by them placed of record.

In our opinion, the execution of the oil and gas lease and the mineral grant was sufficient consideration to support the release, even though no portion of the con-

siteration therefor was received by plaintiff. Plaintiff executed the release, and defendants executed the oil and gas lease and mineral grant for the express purpose of obtaining this release and a release of the second mortgage. Defendants parted with the mineral grant on the faith of the execution of the releases. They had no knowledge that plaintiff was receiving no part of the consideration derived from the sale of the oil and gas lease and the mineral rights. Plaintiff, having made it possible for the attorneys of Mrs. Powell to deliver the release, is bound by their acts, and there was a sufficient consideration to support the release.

It would be necessary for the mineral rights in the 20 acres, conveyed by them, to be reconveyed, or an offer to convey, to them before they could be placed in statu quo and this has not been done.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.