## OCCIDENTAL LIFE INS. CO. v. MINTON.

No. 27407.   Oct. 19, 1937.

Rehearing Denied Nov. 23, 1937.

George C. Abernathy, Edward Howell, and Kenneth Abernathy, for plaintiff in error.

T. R. Blaine, for defendant in error.

HURST, J. This is an action by Rosa Minton to recover from the defendant, Occidental Life Insurance Company, premiums she had paid on two benefit certificates on the life of her former husband. The record shows that in 1910 the Western Mutual Life Association, a California fraternal insurance corporation, issued two benefit certificates aggregating $3,000 on the life of Oscar H. Minton in which the plaintiff, Rosa Minton, was made beneficiary, and the policies were delivered to her by her husband and she retained them in her possession until after his death. In 1919 Rosa Minton and Oscar H. Minton were divorced. In 1921 Oscar H. Minton married Minnie Minton and one son was born as a result of that marriage. Oscar H. Minton died in 1931.

After the divorce of Rosa and Oscar H. Minton, Rosa Minton wrote to the Western Mutual Life Association asking if she could collect the amount of the benefit certificates in the event of his death and the secretary replied:

"In answer to yours of recent date, a divorced wife has an insurable interest in the life of her divorced husband and if the insurance were payable to you and he should die, you would get the money. However, he has a right to change his beneficiary without your consent."

Rosa Minton also wrote the Commissioner of Insurance of Oklahoma and was advised by him that in his opinion she could collect the insurance in the event of the death of her former husband. On the strength of said letters Rosa Minton continued to pay the premiums on said benefit certificates. In 1927 the Western Mutual Life Association entered into a contract with the defendant, Occidental Life Insurance Com-

pany, under which the latter assumed the liabilities of the former on the benefit certificates on the life of Oscar H. Minton.

After the death of Oscar H. Minton a dispute arose as to who was entitled to the $3,000 covered by said benefit certificates, and Minnie Minton filed an action in Pottawatomie county against the Occidental Life Insurance Company to recover the amount of said certificates and made Rosa Minton a party defendant, and she filed an answer and cross-petition claiming the $3,000. The Occidental Life Insurance Company filed an answer admitting liability and asking that it be permitted to pay the money into court and be released from further liability, which request was granted and the money was paid to the court clerk and an order was entered discharging the company from further liability under the certificates. The trial court held that Minnie Minton and her minor son were entitled to the proceeds from said benefit certificates and entered judgment in their favor and against Rosa Minton. An appeal was taken from that judgment to this court, where the judgment was affirmed. Minton v. Minton (1934) 170 Okla. 274, 39 P. (2d) 538. The case was remanded to the lower court and the amount due under the benefit certificates was paid by the court clerk to Minnie Minton and her son in compliance with the judgment of the district court and the mandate of this court.

After the money had been so disbursed, Rosa Minton demanded that the defendant, Occidental Life Insurance Company, refund to her the premiums she had paid, and when the company refused to comply with her demand she filed this action. From judgment in her favor for the full amount of premiums so paid by her with interest thereon, the Occidental Life Insurance Company has appealed to this court.

The defendant, in its brief, first contends that the policies are valid, and then urges the proposition that the insurance company is entitled to retain premiums paid upon valid policies. Defendant further contends that there was no fraud by reason of the letter written by the Western Mutual Life Association to plaintiff regarding her right to the proceeds, as a divorcee, and, in any event, no fraud, by reason thereof, could be imputed to the defendant.

The plaintiff admits that the policy is valid. She contends, however, that the letter referred to constitutes fraud on the part of the Western Mutual Life Association, for which the defendant is liable by reason of its written assumption of the obligations of the policies, but further argues that proof of fraud, in any event, is not necessary for recovery. The theory of the trial court, according to the plaintiff, is that the defendant is liable to plaintiff for money had and received, because the plaintiff paid the premiums and assessments and received no consideration or benefit therefor. In addition to the theory which plaintiff says the trial court adopted, it is apparent from the record that the judgment might have been based upon fraudulent misrepresentations of defendant, and for that reason we will consider that issue first.

Without deciding whether there was any fraud on the part of the Western Mutual Life Association as a result of the letter written by its secretary to Rosa Minton. the first question is whether such fraud could be imputed to this defendant, in any event. In 27 C. J. 7, it is said:

"A person cannot be liable for a fraudulent misrepresentation unless he made it himself or authorized another to make it for him or in some way participated therein."

There is nothing in the record to indicate any participation of the defendant company in the alleged fraud. Furthermore, we find no evidence reasonably tending to show that the defendant knowingly accepted the benefit from the alleged fraud, but that it "merely retained what appeared to be the legitimate proceeds of the transacton involved," and cannot, therefore, be held liable. 27 C. J. 11, 12, sec. 122. But it is argued that the fraud is chargeable to the defendant by reason of the certificates of assumption, which provide, in part, as follows:

"Occidental Life Insurance Company, Hereby Guarantees, assumes and will pay all benefits, liabilities and obligations under Policy or Certificate No. 13499-A, dated June 20, 1910, issued or assumed by Western Mutual Life Association, Los Angeles, California on the life of Oscar H. Minton (to Which Policy or Certificate this Guarantee is to be attached and thereof made a part), * * * it being understood that all reference in said Policy or Certificate to Western Mutual Life Association or other association, its Officers and its Home Office, or principal place of business, shall be construed as referring to said Occidental Life Insurance Company, its Officers and its Home Office in Los Angeles, California. ***"

It clearly appears from the quoted portion of this agreement that it was the intention of the parties for defendant to pay the sums prescribed in the policies of Oscar Minton under the conditions therein set forth and to the person entitled thereto. It cannot be said that because defendant 'Hereby Guarantees, assumes and will pay all benefits, liabilities and obligations under Policy," that it assumed the liability for any fraudulent representations by the officers of the former company. Such would not be a benefit, liability or obligation under the policy.

The question, therefore, is whether the judgment of the trial court can be supported upon the theory of money had and received, because, as argued by plaintiff, she paid the premiums and received no consideration therefor. An action for money had and received is an action at law, but is governed by equitable principles, and may be maintained whenever one has money in his hands belonging to another, which, in equity and good conscience, he ought to pay over to that other. 41 C. J. 28, 29; Avery v. Abraham (1926) 114 Okla. 101, 243 P. 728. Thus such action will lie to recover money that has been paid for a consideration which has wholly failed. unless the failure of consideration is attributable to some fault on the part of the plaintiff herself. 41 C. J. 35; Kokomo Oil Co. v. Bell (1921) 81 Okla. 247, 198 P. 326. Inasmuch as plaintiff paid the premiums and by the former judgment herein (Minton v. Minton [1934] 170 Okla. 274, 30 P. [2d] 538) was precluded from receiving any of the insurance money, it is argued that the consideration as to her wholly failed and she is entitled to the return of her money. In support thereof she cites a number of authorities holding that where the policy is void ab initio the premiums paid thereunder were without consideration and may be recovered. But no authorities are cited which permit the recovery of premiums paid under a valid policy as in the case at bar. Defendant contends that it is a general rule that when the policy is valid and the risk has once attached, there is a valuable consideration and the company is entitled to retain the premiums paid. 45 C. J. 62, sec. 51; 3 Couch on Insurance, 2353, sec. 709;

Somo v. Supreme Court I. O. F. (Ore.) 164 P. 187; Hall v. Prudential Insurance Co., 130 N. Y. S. 355. But as the authorities just cited, which are the ones relied on by defendant, are cases where the person paying the premiums has a possibility of participating in the proceeds, the question remains whether it can be said that there is still consideration where the person paying the premiums is precluded by law from receiving any part of the proceeds. Consideration exists if there is benefit to the promisor, or detriment to the promisee.

"It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the contract." 13 C. J. 315, sec. 150; Ball v. White (1915) 50 Okla. 429, 150 P. 901; sec. 9440, O. S. 1931.

Detriment to the promisee is enough without benefit to the promisor. Williston on Contracts, Revised Edition, sec. 102; Dunn v. Thompson (1932) 156 Okla. 169, 9 P. (2d) 959; Riddle v. Hudson (1917) 68 Okla. 172, 172 P. 921. There was a valid contract of insurance between the company and the insured, Oscar Minton. When the risk once attached there was a detriment to the promisee and the whole premium was deemed to be earned. Vance, Insurance, p. 318. Then it makes no difference who paid the premium money or who was entitled to the proceeds, for there was a valuable consideration for the contract under which they were paid. 2 C. J. 1232, sec. 404. The insurance company has fully performed its contract and paid the proceeds as agreed to the person who was adjudged to be the one entitled to receive them. There was no failure of consideration and we cannot say that defendant has money in its hands, which, in equity and good conscience, it ought to pay to plaintiff.

There is no theory upon which plaintiff is entitled to recover under the circumstances as disclosed by the record, and we find it unnecessary to discuss the other propositions of plaintiff, which answer additional defenses advanced by defendant.

The judgment is reversed, with directions to enter judgment in favor of defendant.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.