ZOELLNER v. GRAHAM.

No. 33880.   April 24, 1951.

*230 P. 2d 904.*

Tolbert & Gillespie, Hobart, for plaintiff in error.

Percy Hughes, Hobart, for defendant in error.

CORN, J. This is an appeal from a judgment for $250 rendered in plaintiff's favor in an action brought to recover damages for breach of contract.

Plaintiff alleged defendant was, and for many years prior to July 6, 1945, had been the authorized Ford dealer in Mountain View, Oklahoma; that July 6, 1945, the parties entered into an oral contract whereby plaintiff placed an order for the eleventh automobile received by defendant that year, and deposited $50 as payment on the purchase price, evidenced by the following memorandum:

"Received of Jim Graham fifty dollars $50.00, deposit on 1945 Ford Car No. 11th, subject to Government regulations."

Plaintiff admitted eleven cars were not received during 1945, but alleged the parties made a subsequent oral agreement, superseding the original agreement, that plaintiff should have the eleventh car received, irrespective of date. Further, that eleven automobiles were received in the regular course of business and defendant breached the contract by refusing to deliver plaintiff the eleventh automobile when same was received about June 1, 1947; that defendant tendered back a cashier's check for $50 which plaintiff refused to accept.

Defendant admitted acceptance of plaintiff's order in 1945 for the eleventh automobile received but denied existence of any contract. He alleged that eleven cars were not received in 1945, and denied entering into any subsequent agreement with plaintiff; that he tendered back plaintiff's deposit, but plaintiff refused to accept same, and denied that plaintiff was damaged in any manner by any act on defendant's part.

The evidence at the trial substantially supported the issues presented under the pleadings filed by the respective parties.

Presenting this matter, the defendant takes the position no contract existed beween the parties. It is urged, however, in the event it should be determined that a contract existed, same was terminated at the close of the year 1945, by reason of defendant's failure to receive the eleventh car during that year, as contemplated originally by the parties.

The undisputed testimony was that plaintiff agreed to purchase, and defendant agreed to sell, the eleventh car received during 1945. Defendant's bookkeeper and agent (Crider) testified that when an order was placed a $50 deposit was required, which deposit was deducted from the purchase price of the car when delivered. Plaintiff's number was not reached during 1945 or 1946, and this deposit was left with defendant, the understanding still being that plaintiff was to receive the eleventh car. The evidence further showed plaintiff never was advised he would not receive a car. At all times, upon making inquiry, plaintiff would be advised of his position upon the list of persons to receive cars. No disagreement arose until the date plaintiff learned the eleventh car would be the next delivered, at which time defendant advised him he could have the car only if it was a business coupe, since this was what defendant claimed to have ordered for plaintiff.

Defendant argues that there was a failure of consideration to bind the parties, since the deposit was not treated as income, but was placed in a separate account, or trust fund, from which defendant received no benefit, and from which fund plaintiff could have withdrawn his deposit at any time.

Our statute, 15 O. S. 1941 §106, provides as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by

any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

In construing this statute we have held in numerous instances that any prejudice agreed to be suffered, if not what a person lawfully is bound to suffer, provides sufficient consideration for the promise of another which will impart the binding force of a contract, if other essential elements are present. Ball v. White, 50 Okla. 429, 150 P. 901; Dunn v. Thompson, 156 Okla. 169, 9 P. 2d 959; Webb v. Moran, 186 Okla. 140, 96 P. 2d 308; 12 Am. Jur. Contracts, §79.

Under the agreement made plaintiff parted with $50, in return for defendant's promise to deliver the car in question. Upon delivery of a car this sum would be credited upon the purchase price. Such sum was under defendant's control and was retained by him for nearly two years, during which time defendant never indicated any intent to do anything other than retain the money and in due course deliver plaintiff an automobile. Under these circumstances the deposit made by plaintiff constituted a valid consideration, binding upon the parties to the contract.

Defendant makes the additional argument that, even though a contract existed, the agreement terminated at the close of 1945, because of the failure to deliver a car within that year, as contemplated originally by the parties.

The evidence does not sustain defendant's contention. Plaintiff testified that, when no car was received during 1945, he was advised to leave his deposit and that the eleventh car received would be his. Defendant denied making any such subsequent agreement. However, the evidence did show that plaintiff left his deposit and made no attempt to purchase an automoible elsewhere; that he checked frequently with defendant and at such times always was advised where he stood on the list; at no time was he ever advised he would not get a car, but defendant and his agents at all times continued to treat the matter as though plaintiff's original agreement was binding and effective as respected delivery of an automobile to plaintiff whenever possible. Whatever might have been the parties' intention, the evidence clearly discloses that their conduct was sufficient to disclose that the original agreement was not considered terminated at the close of 1945. Rather, the evidence discloses an intention that the original agreement should be treated as extended until such time as the eleventh automobile should be received. The defendant's conduct subsequent to 1945 was in accord with, and sufficient to support, the jury's verdict as to what was the true intention of the parties. McDowell v. Droz, 179 Okla. 119, 64 P. 2d 1210.

Defendant next contends that the trial court erred in giving the jury instruction No. 2, wherein the jury was charged that the measure of damages for breach of a contract would be the difference between the value of the eleventh automobile on the date same was received by defendant, and what the same automobile would cost plaintiff if purchased in the open market on such date.

In this connection defendant argues that no specified price was agreed upon as the price of the eleventh car, and that any car delivered would have been at the retail price for a certain model with specific equipment. Defendant says that any car received would have been sold at retail price effective in Mountain View at the time of delivery, and that this price was not established by the testimony, since the value would depend upon the model, body style, number of cylinders, equipment, etc. Further, that the court erred in admit-

404

ting testimony tending to establish price in what was known, at that time, as the "black market."

Answering such argument, the following should be noted: The plaintiff testified he specified no particular type of car or body style, but was ready and willing to take the eleventh car whenever same was received. There was testimony to show the eleventh car received was sold to another purchaser for $1,372; that the prices on the various models of Ford automobiles during the month in question, from an agency in a nearby city, ranged between $1,424 and $1,499, the retail price in the two towns being the same except for a slight difference in freight rates. There was other testimony that such cars could be bought during that time on the "black market" at a price approximately $1,000 above the quoted retail price.

We think the argument directed against the instruction on the ground no retail value for the place of delivery was established for a specified car is without merit. The price of the eleventh car delivered was established by testimony of the actual purchaser, and by defendant's bookkeeper.

The further argument that there was no competent testimony to establish the price in the open market is not persuasive. There was undisputed testimony relative to prices of Ford automobiles to be obtained from used car dealers. In Fortner v. Wilson, 202 Okla. 563, 216 P. 2d 299, we explicitly recognized that the open market might be a market where the personalty sought to be purchased was, in fact, a market of inflated prices, generally referred to as a "gray market." Matters of common knowledge require the recognition of an open market of this kind. There was competent evidence to establish the measure of damages, and we are of the opinion the trial court properly instructed the jury thereon.

Judgment affirmed.

LUTTRELL, V.C.J., and DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.