## K & G CONSTRUCTION COMPANY ET AL. *v.* VIRGINIA NATIONAL HEATING CORPORATION

[No. 41, September Term, 1962.]

*Decided October 23, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Charles W. Bell,* with whom were *Edward A. Palamara* and *Bell & Palamara* on the brief, for the appellants.

*William T. Pace,* with whom were *McCullough & Pace* on the brief, for the appellee.

Brune, C. J., delivered the opinion of the Court.

The three defendants, a corporation (K & G) and two individuals appeal from a judgment against them and in favor of the plaintiff-appellee for $2,875.00 and costs entered on January 3, 1962.

On October 29, 1959, the plaintiff sued K & G and the two individual defendants on the common counts and on a confessed judgment note for $2,500, with interest at 6%, dated February 9, 1959, and payable 90 days thereafter. Judgment by confession was entered the same day for $2,612.50 (which included $112.50 as interest) and costs. (See Md. Rule 645 a.) Subsequently, on motion of the defendants to strike out the judgment, the Circuit Court on December 15, 1959, ordered that the judgment "be opened for the purpose of the trial of this cause," but that it continue as a valid and subsisting judgment, unaffected by the motion or by the trial of the case, and that it be not "vacated unless and until it shall be finally determined by trial that the plaintiff is not entitled to said judgment." The defendants filed pleas. The plaintiff then amended its declaration so as to consist of three parts designated as Counts I, II, and III (which are hereinafter so referred to, though two of them were themselves divided into counts). Count I was a repetition of the original declaration, Count II repeated the common counts and added a special count claiming on an account stated as of June 6, 1959, and Count III was based upon an account stated as of a later date than that alleged in Count II and included the unpaid balance of the amount shown as due by the account set out in Count II. Counts II and III asserted claims against K & G only. The defendants filed pleas to the amended declaration, and K & G also filed a counterclaim.

A pre-trial order was filed on July 28, 1960, in which Judge Gray recited most of the facts just stated and set forth the general nature of the controversy, which was between a heating and air conditioning contractor and a builder or build-

ers of houses.[1] In summarizing the amended declaration the order stated:

> "The claim thus asserted is for the promissory note and for *additional sums* in the aggregate amount of four thousand thirty-six dollars and thirty cents ($4,036.30)." (Italics ours.)

With regard to the note upon which judgment by confession had been entered, the order stated that it was agreed to be genuine and to have been executed by the parties defendant, and further stated:

> "The plaintiff contends that while payments were made by the defendants after the note was executed, such payments were not in payment of or on account of this note and that the full amount was due at the time the judgment was entered.
>
> "At the trial * * * it will be necessary to determine whether this note had been paid before the judgment was entered * * *."

The pre-trial order outlined three matters to be tried: (1) whether or not the note had been paid, (2) the plaintiff's claim on an account stated, and (3) the defendants' counterclaim. All of them were submitted to the jury at the trial on issues and on instructions relating thereto. (Md. Rule 560.) The issues had been agreed to by both sides and there were no exceptions to the court's instructions by either side.

The first two issues pertained to the note and related to payments of $2,000 and $500, respectively. As to Issue No. 1, the jury was called upon to decide whether the $2,000 payment was "to be applied on the note or as an advance for materials;" as to Issue No. 2, whether the $500 payment was "to be applied on the note or on account." The jury answered the first, "Advance for materials" and the second "On account." Reading these issues in conjunction with the court's instructions, we

---

1. The exact relationship between K & G and the individual defendants is not shown by either brief or by the rather scanty appendix filed by the appellant.

think it plain that the question of payment of the note was clearly resolved by the jury in favor of the plaintiff and against all three defendants. As noted, *infra,* the trial judge was of the same opinion when considering the defendant's motion for judgment n.o.v. or for a new trial.

Issue No. 3 asked the jury whether the plaintiff was "entitled to recover from the defendant [singular] in the whole case," and Issue No. 4 asked, if so, in what amount? The jury answered the third issue "Yes" and the fourth $4,019.10. It will be noted that the latter figure differs slightly (by $17.20 net) from the $4,036.30 claimed in Count III of the declaration. The total of $4,019.10 and how it was computed are set forth in the court's instructions. It reflects minor differences in several items as between the amounts (apparently) shown by the proof, as stated in the court's instructions (which were not excepted to), and the amounts shown by the Count III.[2]

Issue No. 5 was whether the defendant [singular] was entitled to recover on its counterclaim, and Issue No. 6 was, if so, in what amount? Neither of these issues was answered. In submitting the issues the court, after instructing the jury with regard to Issues 3 and 4 relating to the plaintiff's claim on an account stated, said: "The next issue, *if you decide that the plaintiff is not entitled to recover in the whole case,* then the next issue would be whether or not the defendant is entitled to recover from the plaintiff on the counter-claim that they [sic] have filed in this case." (Italics ours.) Thus, as we read the court's instructions, no answer to the fifth issue was required. Obviously, unless that issue was answered "yes," the sixth issue called for no answer.

---

**2.** These items are as follows, the first figure being that shown by the Count III account, the second being that given by the court and the third being the increase or (decrease):

| | | | |
|---|---|---|---|
| Unpaid balance on account shown by Count II | $2610.90 | $2612.60 | $ 1.70 |
| 10% held back on houses at Frederick | 429.90 | 400.00 | (29.90) |
| Balance on "Branchville job" (apparently shown in Count III as 2 separate houses @ $32.00) | 64.00 | 75.00 | 11.00 |
| Net (decrease) | | | $(17.20) |

No final judgment was entered immediately upon the return of the jury's special verdict consisting of its answers to the issues submitted. (Md. Rule 560 (a) 6.) The defendants filed a motion for judgment n.o.v. or, in the alternative, for a new trial, and the entry of judgment was suspended pending the determination of the motion. The defendants' motion asserted, *inter alia,* that the jury's special verdict was "ambiguous when read in consideration of the Amended Declaration * * *." A rather full hearing was held on the motion, during which the trial judge expressed himself as satisfied that the claim on the confessed judgment had been proved and that payments thereafter made did not apply to the note. He also thought there was some question about whether the judgment in excess of that amount should be against the corporation only, and not the individual defendants, and that this was not readily determinable without a transcript (not then in existence) of the trial, which had taken place several months earlier. The plaintiff's counsel stated that any amount in excess of the indebtedness based upon the note was uncollectible. (A bond in the amount of $2,850.00 had apparently been executed to obtain some release in connection with the original judgment on the note.) He, therefore, expressed a willingness to waive or abandon all claims in excess of the indebtedness covered by the note. In view of this waiver, the judge considered the claims for any excess as moot. He then denied the defendants' motion for judgment n.o.v. "as to the Confessed Judgment and Note," granted it "as to the Plaintiff's claim over and above the amount of the Confessed Judgment Note," and entered judgment for the plaintiff for $2,875.00 (which included $375.00 as interest) and costs. This last is the judgment appealed from. The plaintiff took no appeal.

On appeal from that judgment the defendants contend: (i) that the true sense of the jury's verdict cannot be ascertained; (ii) that the trial court amended the jury's verdict; and (iii) that it had no power to do so. We find neither of the first two contentions sustainable and, therefore, do not reach the third.

The issues, as we have noted, were agreed to. In the absence of timely objection thereto, and *a fortiori* in the case of agreement, the issues are not open to review on appeal. *Miller v.*

*McGraw Co.,* 184 Md. 529, 537, 42 A. 2d 237; *Jeweler v. Potomac Electric Power Co.,* 217 Md. 458, 466, 144 A. 2d 66, (both dealing with belated objections). Likewise, since no objection was made to the instructions, they, of course, are not reviewable on appeal. Md. Rule 554 e. Though both the issues and the instructions might have been clearer as to the relationship between the claim on the notes and the claims on an account or accounts stated, it appears that the latter claims were additional to the former and that it was so understood. It was expressly so stated in a part of the pre-trial order quoted above, and the plaintiff's exhibit supporting its account stated claim set forth in Count II so indicates. In that exhibit the defendants are credited with what appear to be the same items which they unsuccessfully claimed should have been credited against the note. But for these credits as shown by the plaintiff's exhibit, the Count II claim would obviously have been greater by $2500 than it was. The sole controversy with regard to the note was as to how these credits should have been applied, and the jury resolved that question in favor of the plaintiff. The trial judge clearly so held in acting on the motion for judgment n.o.v. (We regret that we have received little assistance from the briefs or from oral argument in ascertaining that the sum of $4,019.10 did not include, but was in addition to, the amount due on the note.)

When the jury resolved Issue No. 3 in favor of the plaintiff and in response to Issue No. 4 fixed the amount due at $4,019.10, we think that, in the light of the instructions relating to Issue 5 which we have already quoted, the jury rejected *in toto* the counterclaim asserted by the corporate defendant, K & G, and that it did so as effectively as if it had directly and explicitly answered Issue No. 5, "no." The trial judge must also have considered the counterclaim as rejected by the jury when he ordered judgment to be entered for the plaintiff on the note, without any deduction for the counterclaim.

We find no uncertainty as to the jury's finding that the note had not been paid and none with regard to its rejection of the counterclaim. Hence, the jury's findings, without any amendment, sustain a judgment for the plaintiff on the note.

We are inclined to think that the form of the judgment

should have been as the plaintiff suggested at the hearing preceding the entry of judgment—that is, that the original judgment by confession entered on October 29, 1959, should have been made absolute, since the defendants failed to sustain their claim that it should be set aside. This would have been in accord with Maryland Rule 645 and the order of December 15, 1959, which in conformity with established practice (*Keiner v. Commerce Trust Co.,* 154 Md. 366, 141 A. 121; *Foland v. Hoffman,* 186 Md. 423, 47 A. 2d 62; *Remsburg v. Baker,* 212 Md. 465, 129 A. 2d 687), opened but did not vacate the judgment. Had this course been followed, the amount now due would be slightly greater, since interest would have accrued on the amount of the original judgment from the date of its entry. Substantially, however, the same result is reached, the difference is minimal, and the appellants cannot complain of the slight saving which redounds to their benefit.

*Judgment affirmed, with costs.*