WILLIAMS *v.* JOHNSON ET UX.

[No. 395, September Term, 1970.]

*Decided April 12, 1971.*

464

The cause was argued before HAMMOND, C. J., and FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Leonard E. Wilson* and *O. Robert Lidums,* with whom were *Wilson & Lidums* on the brief, for appellant.

*E. Newton Steely, Jr.,* with whom was *Wm. Wilson Bratton* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

On July 20, 1966 the appellees Dr. and Mrs. James L. Johnson advanced $5,000 to Franklin T. Williams who acknowledged the debt in the form of a confessed judgment note payable on demand. Mr. Williams signed the document in the doctor's presence and assured him that the other signature which appeared on the note was that of his wife, Florence H. Williams, the present appellant. On July 23, 1969, before demand or repayment Mr. Williams died, apparently leaving few worldly goods and a number of disappointed creditors. On September 18, 1969 judgment by confession was entered on the note and summons was issued to the appellant pursuant to rule 645 b indicating that she would be entitled to show cause within thirty days "why the judgment should be vacated, opened or modified." The rule also provides that an application to show cause "shall be promptly heard . . . and such action taken as justice may require." Mrs. Williams immediately filed an answer in which she alleged under oath that "she did not promise as alleged" and "the note filed in these proceedings was never executed by her or was it executed by anyone else in her behalf by any authority written or implied." [1] After the evidentiary hearing on Mrs. Williams' responsibility under the note the

1. Appellees took note of this form of response and filed a motion to make the judgment absolute because "no motion to vacate the judgment . . . or other proper pleading has been filed." This attack apparently was abandoned since no ruling on the motion was requested or obtained in the trial court, and this argument was not relied on by appellees in their briefs or at oral argument. We need not consider it. Rule 885. Gordon v. State National Bank, 249 Md. 378, 383, 239 A. 2d 915 (1968).

Circuit Court for Cecil County (Mackey, J.) directed that judgment be entered in favor of the doctor and his wife.

Appellees suggest that this proceeding before Judge Mackey was a trial on the merits and not a hearing pursuant to Rule 645 b for the purpose of ascertaining whether the confessed judgment should be vacated, opened or modified. Their rationale for making this disturbing observation is based on custom. They claim that once an answer is filed in response to a confessed judgment summons the customary procedure in Cecil County is to try the case on its merits without vacating or opening the judgment. If, in fact, this is the common practice it is contrary to Rule 645 b, which specifically states in part: *"If the judgment is opened or set aside,* the case shall stand for trial in accordance with the rules of the court." (Emphasis added.)

Since the judgment remained undisturbed there could not have been a trial on the merits. We must therefore conclude that the only purpose for having the evidentiary hearing on the issue of forgery and its consequences was to determine whether there was a sufficient basis to open the judgment. To be successful in this endeavor

> "one must adduce evidence in support of his motion sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact. If a meritorious defense is made out (by affidavits or testimony, *John-*

*son v. Phillips,* . . [143 Md. 16, 122 A. 7
(1923)]), the Court should liberally exercise its
equitable jurisdiction over judgments entered
by confession and, on application of a defen-
dant who prima facie shows such defense, va-
cate the judgment to permit a trial on the mer-
its. *Cropper v. Graves,* 216 Md. 229; *Remsburg
v. Baker,* 212 Md. 465, 470; *Keiner v. Commerce
Trust Co.,* 154 Md. 366, 370-371." *Stankovich v.
Lehman,* 230 Md. 426, 432, 187 A. 2d 309 (1963).

We need not set forth Mrs. Williams' testimony in detail
to exhibit that these prerequisites have been satisfied.
Judge Mackey's summary of the testimony will suffice:

"The developed facts are that Dr. Johnson ad-
vanced $5,000 cash to Mr. Williams on July 21,
1966 in exchange for a demand note in that
amount dated the same day and signed by Mr.
Williams in the presence of Dr. Johnson and
purportedly bearing the signature of Mrs. Wil-
liams. Three years later Mr. Williams died with-
out any payment having been made or demand
having been made for payment. Following his
death Dr. Johnson brought this suit and Mrs.
Williams testified this morning that she then
became aware of the existence of this note for
the first time. In her testimony she presumes
that the $5,000 went into Mr. Williams' busi-
ness. She is rather certain that it did not go for
living expenses."

Appellant also testified, rather emphatically, that the sig-
nature on the note was not hers and reiterated that she
had received no known benefit from the loan.

The Uniform Commercial Code, Art. 95B, § 3-401 (1)
states that "No person is liable on an instrument unless
his signature appears thereon" and § 3-404 (1) provides
"Any unauthorized signature is wholly inoperative as
that of the person whose name is signed unless he rati-
fied it or is precluded from denying it; but it operates

as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value". A person could be "precluded from denying" an unauthorized signature if he knowingly retains the benefits of the fraud. See Official Comments to § 3-404, particularly Comment 3. See also *Martin Co. v. Fidelity Bank,* 218 Md. 28, 145 A. 2d 267 (1958) ; *Commercial Credit Plan, Inc. v. Beebe,* 123 Vt. 317, 187 A. 2d 502 (1963) ; *Dick v. Reves,* 42 Del. Ch. 187, 206 A. 2d 671 (1965) ; *Occidental Life Ins. Co. v. Minton,* 181 Okla. 298, 73 P. 2d 440 (1937). In this case we are not called upon to decide whether Mrs. Williams knowingly received any benefits of the loan. Since it is clear from her testimony that an actual controversy exists, the confessed judgment should have been opened and these questions decided at a trial on the merits.

One final question remains. Appellees have included in their brief a motion to dismiss this appeal because appellant has failed to: 1) provide a printed extract containing the judgment upon which this appeal is based, Rule 828 b 1 (a), and 2) file an appeal within thirty days from final judgment. Rule 812 a.

In disposing of the first claim, we note that appellees have included the omitted parts of the record in the appendix to their own brief. Since they do not appear to be prejudiced we will deny this aspect of the motion but impose the cost of printing the excess material on appellant regardless of the outcome of this case. Rules 828 i and 882 a; *East Wash. Railway v. Brooke,* 244 Md. 287, 223 A. 2d 599 (1966) ; *Bornstein v. State Tax Comm.,* 227 Md. 331, 176 A. 2d 859 (1962) ; *Brown v. Fraley,* 222 Md. 480, 161 A. 2d 128 (1960).

Appellees support their second reason for dismissal by arguing that the appeal was prematurely taken. They base this claim on the fact that a judgment nisi was entered September 16, 1970, the same day as the hearing, and an appeal was noted on September 21, one day before judgment was made absolute on September 22, 1970. This argument ignores a basic consideration. The judgment

entered on September 16 was final under Rule 645 b, which provides: "If no cause is shown in pursuance of the summons, the judgment shall be deemed to be final . . . ." As we indicated in *S. W. Barrick v. J. P. Councill*, 224 Md. 138, 140, 166 A. 2d 916 (1961), since Rule 645 b "was never intended to, and did not, affect the finality of a judgment by confession in the absence of a showing of cause, there was no reason to enter an interlocutory judgment or a judgment *nisi* on the confessed judgment note." When Judge Mackey on September 16, 1970 ruled against the appellant on the issue of her liability for the note, he in effect found she had presented an insufficient basis to open the judgment. This ruling was tantamount to making the judgment absolute, *cf. K & G Co. v. Virginia Corp.*, 229 Md. 551, 558, 184 A. 2d 827 (1962). Unquestionably it was a final determination from which an appeal to this Court will lie. *Legum v. Farmers Nat. Bank*, 180 Md. 356, 358, 24 A. 2d 281 (1942) ; 2 Poe, *Practice*, ¶ 389 (Tiffany ed. 1925) ; *Merrick v. B. & O. R. R. Co.*, 33 Md. 481 (1871) ; *Hall v. Holmes*, 30 Md. 558 (1869).

One point which merits some comment is the trial court's reasoning in holding Mrs. Williams liable. Judge Mackey concluded that between the two innocent parties, Dr. Johnson should prevail. We disagree with this reasoning and on remand suggest the trial court review the authorities we have cited as well as 37 C.J.S., *Fraud* § 61 (1943) for some guidance.

> *Motion to dismiss appeal denied. Order making confessed judgment absolute reversed and judgment of September 18, 1969 opened for further proceedings but to continue as a valid judgment unless vacated. Costs of printing Pages 1 and 2 of the appendix to appellees' brief to be paid by appellant. All other costs on appeal to be paid by appellees.*