# Huston Township Co-operative Mutual Fire Insurance Co. *versus* Beale.

1. A court, in opening a judgment, has power to prescribe the terms upon which it shall be opened. The exercise of the power to open a judgment, as well as the power to impose terms, is discretionary with the lower court and is not reviewable by the Supreme Court.

2. If a judgment be deemed erroneous, the proper practice is to move to strike it off; this motion raises the question of the power of the court to enter the judgment and the refusal of the same can be made the subject of review by the Supreme Court.

3. No distinction in practice in Juniata county was intended to be made in the entry of judgment for default of an affidavit of defence, between the subjects of claim enumerated in the fourteenth and those in the fifteenth section of Rule 4 of the court rules of said county; section seventeen applies to both the preceding sections.

May 28, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Juniata county:* Of July Term 1885, No. 29.

Debt, by Enoch Beale against the Huston Township Co-operative Mutual Fire Insurance Company, upon a policy of fire insurance.

Plaintiff brought this action and filed his narr. on March 15th, 1884. Two days later arbitrators were chosen, who filed an award in his favor. Defendant appealed from this award and pleaded *nil debet* and covenants performed *absque hoc;* and also placed the case on the trial list for the term beginning February 2d, 1885.

On December 25th, 1884, a rule was entered on the defendant for a bill of particulars; and on January 12th, 1885, plaintiff filed an affidavit of the amount of his claim and a copy of the instrument sued upon, of which he gave defendant notice in writing,

On January 14th, defendant filed a bill of particulars alleging (1) that the plaintiff had taken additional insurance in violation of his policy; (2) that the plaintiff was the author of the fire.

The cause was fixed for trial on February 5th, 1885, but on

14 OUTERBRIDGE—21

[Huston Twp. Ins. Co. *v.* Beale.]

February 3d, the Prothonotary, at the instance of plaintiff's attorneys, entered judgment in favor of the plaintiff for $440.50 for want of an affidavit of defence.

Rule 4 of the court of common pleas of Juniata county provides as follows: § 14. " In actions on recognizances, judgments, . . . . . policies of insurance, book accounts, bonds, bills, notes and other instruments of writing for the payment of money, and in all actions on contract for the payment of money, either express or implied, and whether the same be in writing or not, and in all appeals from the judgments of justices of the peace, if the plaintiff shall, ten days before the return day of the writ, with his declaration or statement when necessary, or in cases of appeal on or before the first day of the term to which the appeal is entered, file an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument upon which the suit is brought, or when the claim is not evidenced by writing, a brief setting forth a full and detailed statement of the same, verified as aforesaid, he shall be entitled to judgment at any time after the second Saturday from the return day of the writ, unless the defendant shall have filed an affidavit of defence."

" Section 15. In lieu of a copy of the instrument required by the preceding rule to be filed by the plaintiff, when the action is upon a record of this court, or upon a mortgage, mechanic's lien or recognizance in the Orphans' Court, Oyer and Terminer or Quarter Sessions, it shall be sufficient if the plaintiff file, with this præcipe or otherwise, a reference to the place where such record or other instrument may be readily found by the defendant, should he desire an inspection of the same. In any such case plaintiff's affidavit is not required."

" Section 17. If the plaintiff omit to file his statement of claim or reference as provided for in Section 15 on or before the return day of the writ, or in cases of appeal, on or before the first day of the term to which the appeal is entered, he may, nevertheless, take judgment at any time after twenty days' notice to the defendant, or to his attorney of record in the suit, of the filing of the same, unless an affidavit of defence as aforesaid be filed."

Subsequently a motion was made by defendant to open the judgment which was entered in accordance with the above rules. The court, BARNETT, P. J., opened the judgment upon condition that the evidence should be confined to the second item of defendant's bill of particulars, thus excluding all evidence as to the plaintiff's breach of contract.

The cause proceeded to trial on this issue and the jury

rendered a verdict for the plaintiff, upon which judgment was subsequently entered.

Defendant took this writ, assigning for error the condition imposed by the court in opening the judgment, whereby defendant was precluded from giving evidence to sustain the first item in his bill of particulars.

*Ezra D. Parker* (*B. F. Junkin* and *George Jacobs* with him), for plaintiff in error.—Sections 14 and 15 of Rule 4 have no connection. The action here is not upon a record of the court, it is upon a policy of insurance. Hence the affidavit of claim should have been filed ten days before the return day in order to require an affidavit of defence. Section 17 of the rule is to be construed in connection with section 15, only.

It is too late to move for judgment on account of insufficiency in the affidavit of defence, after a rule to plead and plea entered, and rule to arbitrate entered on part of the plaintiff, and stricken off, and nearly five months had elapsed before judgment was asked for: O'Neal *v.* Rupp, 10 Har., 395.

The judgment having been improperly entered, it was error to impose the condition upon the opening of the same.

*Jeremiah Lyons* (*Alfred J. Patterson* with him), for defendant in error.—Section 17 of rule 4 refers to both sections 14 and 15.

Filing a narr. was not a waiver of plaintiff's right to an affidavit of defence, nor the fact defendant was ruled to furnish a bill of particulars: Brobston *v.* Campbell, 5 W. N. C., 273.

The judgment was properly entered for want of an affidavit of defence, and the discretion of the court in imposing terms upon opening the same is not reviewable here: Dubois *v.* Glaub, 2 P. F. S., 238.

Mr. Justice CLARK delivered the opinion of the court, October 5th, 1885.

The several sections of the fourth rule of the Court of Common Pleas of Juniata county must be construed together. That a judgment may, in a proper case and at a proper time, be entered under the seventeenth section of this rule, after twenty days notice of the filing of the statement of claim, under the fourteenth section, is, we think, too clear for argument. It requires but the insertion of a comma after the word "claim" to bring out the plain and obvious meaning of this section. It is absurd to suppose that any distinction in practice was intended to be made in the entry of judgment, in default of an affidavit, between the subjects of claim enumerated in the fourteenth and those referred to in the fifteenth section. The purpose of the provision is simply that the

defendant shall in all cases have notice in precise form of the exact nature and extent of the plaintiff's claim, before he shall be required to put in his defence; and, as matters appearing of record are there particularly and authoritatively set forth, and are readily accessible, a mere reference thereto is to be taken as sufficient.

We are not called upon, however, in this case to pass upon the validity of the judgment. The application, it was admitted at the argument, was to open the judgment, not to strike it off; its validity in such a proceeding is assumed. The appeal was to the discretionary powers of the court only, and that appeal was sustained; the judgment was opened, and the defendant admitted to a defence.

It is true that the order of the court imposed terms upon the defendant, but this was incident to the exercise of the discretion to which the appeal was made. If the judgment was deemed erroneous, the application should have been to strike it off; the power of the court to enter the judgment would then have been distinctly drawn in question, and the adjudication would have been the subject of review here. But the opening of a judgment, in such a case as this, being a matter of pure discretion, not reviewable in this court, we must assume that the discretion of the court was correctly exercised.

A court in opening a judgment has power to prescribe terms: McMurray's Heirs *v.* City of Erie, 9 P. F. S., 225. Opening a judgment is not setting it aside, annulling or reversing it; it is but a mode of allowing the defendant a hearing on the merits, and a court may impose such terms as it may deem proper: Braddee *v.* Brownfield, 2 W. & S., 279. A party has no right to a hearing after judgment, except for causes which touch the honesty and justice of the case: Bailey *v.* Clayton, 8 Harris, 297.

The application to open has not been printed; the testimony, if any was taken, constitutes no part of the record before us, and even if it were a matter fairly within the scope of our duty, we could not inquire into the matters which influenced the court in the particular form of the decree. We have a right to assume that the court was fully justified, under the facts and circumstances of the case, in requiring the cause to be tried upon the special issues suggested in the decree.

It seems to us, therefore, that as the defendant moved the court to open the judgment, not to strike it off, obtained the relief prayed for, accepted the terms of the special order made, went to trial on the issues awarded, and was defeated in a trial on the merits, he cannot now complain that he was entitled to relief in another form, for which he did not apply.

Judgment affirmed.