Curry *v.* Napolitano, Appellant.

Argued January 12, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Irving W. Coleman,* for appellant.

*Paul A. McGinley,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 14, 1955:

The question raised in this appeal by an insurance carrier in a trespass action is whether or not the court below abused its discretion in refusing to open a default judgment unless counsel for defendant filed a statement of his willingness to defend the action to final judgment.

Peter P. Curry and his wife Josephine, the plaintiffs, instituted an action in trespass against Frank

A. Napolitano, defendant, for injuries received by wife-plaintiff in an automobile accident due to the alleged negligence of defendant. Irving W. Coleman, Esq., is counsel for Standard Accident Insurance Company of Detroit, Michigan, defendant's insurance carrier. The action was commenced January 14, 1953, and defendant was served by the sheriff on January 23, 1953. Defendant did not notify the insurance carrier of the suit until February 12, 1953. On February 17, 1953, plaintiffs took judgment against defendant for want of an appearance and answer. The judgment is in no monetary amount since the claim is for unliquidated damages and was entered for want of an appearance.

Mr. Coleman, being unaware of the entry of the judgment, on February 21, 1953, entered an appearance for defendant and on March 13, 1953, issued a praecipe to join Lehigh Valley Transit Company as an additional defendant. On April 20, 1953, Mr. Coleman, having discovered that judgment had been entered, petitioned the court to open the judgment averring a meritorious defense and that defendant had first notified his insurance carrier of the suit on February 12, 1953. On that day the defendant delivered the complaint to the insurance agent who immediately mailed it to the central office in Philadelphia, but it was not received by the addressee until February 16, 1953. The following day, February 17th, counsel received the complaint and on February 21, 1953, the appearance above referred to was entered. Mr. Coleman is now unable to locate the defendant.

The learned court below, upon petition, answer and depositions, entered a decree as follows: ". . . it is ordered and decreed that, upon defense counsel's filing within twenty (20) days, *a statement of his desire and willingness to defend above-captioned action to final judgment,* rule to open judgment is made absolute

and the judgment by default entered February 17, 1953 may be and is decreed to be opened and defendant let into a defense upon the pleadings already filed; otherwise the rule to open judgment is discharged and plaintiffs may proceed to the assessment of damages thereunder." (Italics supplied)

Counsel for defendant frankly concedes in his paper book: "It is hornbook law in this Commonwealth that a Court in opening a default judgment, to permit the Defendant to interpose a defense, has the power to impose terms and conditions upon which the judgment will be opened. The imposition of terms and conditions are within the discretion of the Trial Court but such discretion may not be abused."

The sole question is whether or not the court below abused its discretion in *prescribing the stated condition.*

Judge HENNINGER, in his opinion, gives the reason for such imposition of condition. He states it is obvious that the petition to open is interposed solely for the benefit of the insurance carrier. *Defendant* held the complaint for almost twenty days before he turned it over to his insurance agent and, consequently, is not entitled to consideration. *Counsel, however, not only entered an appearance for a client who has disappeared, but has brought in an additional defendant.* The application of counsel to now withdraw as attorney for defendant, because of his inability to locate him, places the plaintiffs in an unfortunate position. As stated by the learned trial Judge: "In our opinion it would be inequitable to open the judgment at the behest of and for the benefit of the insurance carrier and then, when that is accomplished and they are let into a defense, to have them withdraw and compel plaintiffs to prove their case against an absent defendant, who is not entitled to our sympathy and mercy.

Furthermore, defendant has complicated matters by adding another defendant for plaintiffs to meet. That plaintiffs have sued this additional defendant independently does not simplify the situation created by defendant.

"In other words, we are willing to let defense counsel defend if his client wants to defend; we are not willing to let him defend if he is unwilling to do so. He may not say in one breath that he represents the wronged insurance carrier and in the next that he represents a refractory individual defendant."

The condition prescribed, under the circumstances of this case, appears just and equitable. In *Huston Township Co-operative Mutual Fire Insurance Co. v. Beale,* 110 Pa. 321, 322, 1 A. 926, the judgment was opened "upon condition that the evidence should be confined to the second item of defendant's bill of particulars, thus excluding all evidence as to plaintiff's breach of contract". In *Michigan Ammonia Works v. Ellk,* 47 Pa. Superior Ct. 294, 297, the judgment was opened on condition of paying a certain sum of money to plaintiff. See also: *International Finance Company v. Magilansky,* 105 Pa. Superior Ct. 309, 161 A. 613; *Fogel v. Newberg,* 37 D. & C. 254.

The condition imposed by the court below was not prejudicial to the insurance carrier. While, of course, an insurer may waive its defense of non-cooperation of the insured, it is not voluntary when done by direction of the court. The insurance carrier still retains, in that event, its defense as garnishee when it proves the fact of non-cooperation of defendant—in this case, the alleged disappearance: *Cameron v. Berger,* 336 Pa. 229, 7 A. 2d 293. It is clear that since the attorney defends this suit, not voluntarily, but by direction of the court, on behalf of his client, the insurance carrier, he cannot be held to waive the defense of failure to cooperate

by the insured. This liability is not now before us, but is not increased by the present decision. The learned court below did not abuse its discretion when it ruled that it would open the default judgment only upon the condition stated.

The order of the court below is affirmed at the cost of appellant.