**In re G. David BROYLES, Emily E. Broyles, Debtors.**

**CITIZENS BANK OF MARYLAND, Movant,**

v.

**G. David BROYLES, et al., Respondents.**

**Bankruptcy Nos. 92–1–0120– SD, 92–1–2366–SD.**

United States Bankruptcy Court, D. Maryland.

Oct. 28, 1993.

James J. Fitzgibbons, Silver Spring, MD, for debtor.

Roger Schlossberg, Schlossberg & Associates, Hagerstown, MD, Chapter 7 Trustee.

John C. Simcox, C. Edward Hartman, III, Hartman and Crain, Annapolis, MD, for Citizens Bank of Maryland.

## OPINION ON EFFECT OF CONFESSED JUDGMENTS

E. STEPHEN DERBY, Bankruptcy Judge.

The determinative issue raised by this motion for relief from stay is whether movant, Citizens Bank of Maryland, holds a judgment lien on real estate owned by Debtors on their

respective bankruptcy petition dates. Debtors are husband and wife who filed separately and consolidated their cases. Citizens Bank claims a lien in its favor arose from prepetition confessed judgments that Citizens recorded in Worcester County, Maryland. The oppositions of the Chapter 7 Trustee and Debtors raise subtle questions involving the law of confessed judgments in Maryland. The material facts are not in dispute.

### I. *Facts.*

On March 22, 1991 Citizens Bank obtained confessed judgments against Debtors in the Circuit Court for Prince George's County, Maryland in the amount of $859,928.88, including attorneys fees, based on their guarantees of certain corporate debts. Citizens Bank recorded the confessed judgments in the Circuit Court for Worcester County, Maryland on or before April 11, 1991. Debtors owned, as tenants by the entirety, a condominium unit in Ocean City, which is located in Worcester County. The amount of the confessed judgments concededly exceeds the value of Debtors' condominium unit. After the confessed judgments were recorded in Worcester County, Debtors were served on April 29, 1991 with notices of the entry of judgments by confession, as required by Maryland Rule 2–611(b).

By timely motion, Debtors moved to vacate the confessed judgments pursuant to Maryland Rule 2–611(c). The Circuit Court for Prince George's County denied Debtors' motion to vacate, and Debtors appealed. On April 10, 1992 the Court of Special Appeals of Maryland entered its opinion reversing and remanding. *EMI Excavation, Inc., et al. v. Citizens Bank of Maryland,* 91 Md.App. 340, 604 A.2d 518 (1992).

On remand, the Circuit Court for Prince George's County, entered the following order on November 12, 1992, dated November 4, 1992.

> ORDERED, that the confessed judgments entered against the Defendants herein be, and hereby are *opened* so that there can be a hearing on the merits of the Plaintiff's claims and the Defendants' defenses. (Emphasis supplied.)

During the pendency of the appeal, Debtors had filed petitions for relief under Chapter 7 of the Bankruptcy Code. G. David Broyles filed a petition on January 7, 1992, and Emily E. Broyles filed a petition on April 20, 1992. The two cases were substantively consolidated in August, 1992.

Citizens Bank has moved for relief from stay to allow it to proceed with the hearing on its confessed judgment action against Debtors. The Trustee and the Debtors oppose on the grounds that Citizens Bank no longer has a judgment lien that it could enforce, and reinstitution of a judgment lien post-petition would constitute a post-petition transfer avoidable under 11 U.S.C. § 549.

### II. *Law and Conclusions.*

When a money judgment is indexed and recorded in Maryland, it constitutes a lien in the judgment amount, from the date of entry, on the judgment debtor's interests in land located in the county in which the judgment is rendered. Md.Cts. & Jud.Pro. Code Ann. § 11–402(b) (1989 Repl.Vol.); Md. Rule 2–621(a) (1993). If an agreement between the creditor and debtor has authorized it, a judgment by confession may be entered by the circuit court clerk upon the filing of a complaint. Md. Rule 2–611(a) (1993). The clerk is required to issue notice to the defendant promptly of the deadline for the defendant to move to open, modify or vacate the judgment. *Id.* at Rule 2–611(b). Maryland's confessed judgment procedures have survived constitutional challenge. *Billingsby v. Lincoln National Bank,* 271 Md. 683, 320 A.2d 34 (1974); *Meyer v. Gyro Transportation Systems,* 263 Md. 518, 283 A.2d 608 (1971). "A judgment by confession possesses all the incidents, ... and is entitled to the same faith and credit, as any other judgment." *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370, 141 A. 121, 122 (1927). A money judgment from one county may be recorded and indexed in another county, and it will constitute a lien on defendant's interests in land located in such other county from the date of recording. Md. Rules 2–621(b), 2–623(a) (1993). Therefore, when Citizens Bank recorded its confessed judgments in Worcester County in April, 1991, it obtained a judgment lien on Debtors' Ocean City con-

dominium as of the date of recording, subject to Debtors' right to move to open, modify or vacate the underlying confessed judgments.

■ Citizens Bank's entitlement to relief from stay depends upon whether its confessed judgment lien was lost or whether it continued unaffected when the Circuit Court for Prince George's County *opened* the judgments on remand to permit a hearing on the merits. Upon a defendant's timely motion to open, modify or vacate a confessed judgment,

If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action, the court shall order the judgment by confession *opened, modified, or vacated* and permit the defendant to file a responsive pleading.

Md. Rule 2–611(d) (1993). (Emphasis supplied.)

■ The predicate for the existence of a judgment lien is a judgment. Md.Cts. & Jud.Pro.Code Ann. § 11–402(b). Consequently, when a confessed judgment is vacated, the judgment lien is dissolved; any levy thereon is released; and the case proceeds just as any other civil action. Niemeyer, *Maryland Rules Commentary,* 466–67 (2nd ed., 1992). Citizens Bank argues that the effect of opening a confessed judgment, as contrasted to vacating it, is not to dissolve the judgment lien, but to preserve it pending the hearing on the merits. The Trustee and the Debtors contend that the effect of opening a confessed judgment is to dissolve the judgment lien, unless express language is included in the court's order to continue the lien.

The Debtors and the Trustee rely on Maryland law to argue that just as vacating a judgment destroys both it and its dependent liens, opening a judgment also terminates a judgment lien, subject to the court's right to continue a lien while hearing defenses. The Circuit Court for Prince George's County did not include language in its order to continue the judgment lien when it opened the confessed judgment. Therefore, respondents contend that the confessed judgment lien terminated, and was not continued.

■ Maryland case law recognizes that when a motion to strike a confessed judgment is granted to allow the defendant to plead, it is within the trial court's discretion whether to continue a judgment lien. In *Silverberg v. Dearholt,* 180 Md. 38, 40, 41, 22 A.2d 588, 589 (1941), on defendant's motion,

... the court struck out the [confessed] judgment, with leave to the defendant to plead within fifteen days. The court did not retain the lien.

\*    \*    \*    \*    \*    \*

The appellant contended that the lower court should have retained the lien. That contention has no force, because that also was a question entirely within the court's discretion.

Accord, *Commercial Savings Bank v. Quall,* 156 Md. 16, 18, 142 A. 488 (1928) (Defendant appealed after the trial court had granted defendant's motion to set aside a confessed judgment on the condition that defendant post a bond, and the Court of Appeals affirmed because "[i]n thus striking out or opening a judgment, a court of law ... has power to surround the relief with precautionary conditions."); *Keiner v. Commerce Trust Co., supra,* 154 Md. at 377, 141 A. 121 ("... it is within the power of the trial court to impose such terms or conditions upon its act in striking out the [confessed] judgment [to hear defenses] as may be proper and necessary to protect the rights of the parties.") [from addendum omitted in 141 A. 121]

Case law recognizes that judgment liens also may be allowed to stand when judgments have been opened. In *Williams v. Johnson,* 261 Md. 463, 468, 276 A.2d 95, 98 (1971) the court reversed a judgment absolute and held that "the confessed judgment should have been *opened* and these questions decided at a trial on the merits." To implement this holding, the court ordered the "[confessed] judgment ... *opened* for further proceedings but to continue as a valid judgment unless vacated." *Id.* at 469, 276 A.2d 95. (Emphasis supplied.)

The Maryland Court of Appeals has approved specific language that continued a confessed judgment while defenses were heard. The following language of the trial

court's order on a motion to strike a confessed judgment was affirmed in *Automobile Brokerage Corp. v. Myer*, 154 Md. 1, 5, 139 A. 539, 540 (1927).

> [O]rdered that the judgment be *opened* for the purpose of the trial of this case, and that said judgment shall meanwhile continue as a valid and subsisting judgment, unaffected by the motion of the defendant that the same be stricken out, and by the trial of the case, and not vacated unless and until it shall be finally determined by trial that the plaintiff is not entitled to said judgment. (Emphasis supplied.)

Quoted with approval in *Foland v. Hoffman*, 186 Md. 423, 431, 47 A.2d 62, 66–67 (1946). However, there is no reported Maryland case that discusses whether express, affirmative language is required to continue a judgment lien in effect when a confessed judgment is opened to hear defenses.

Citizens Bank refers the court to Pennsylvania law in the absence of Maryland authority directly on point. *E.g., FRG, Inc. v. Manley*, 919 F.2d 850 (3rd Cir.1990). The *FRG, Inc.* case involved facts similar to those before this court. A creditor obtained a confessed judgment and attached a bank account of the debtor prepetition. On a motion by the debtor to open or strike the judgment, a Pennsylvania court of common pleas opened the confessed judgment, but did not strike it. Both parties appealed. Before a ruling on appeal, the debtor filed for relief under Chapter 11 of the Bankruptcy Code, and prosecution of the appeals was stayed. The U.S. Court of Appeals for the Third Circuit held it was error to deny relief from the automatic stay to the confessed judgment attaching creditor because—

> ... under Pennsylvania law an attachment or execution process issued on a judgment remains valid even if the judgment is opened. Thus, while striking a judgment annuls the lien, opening a judgment does not.

*Id.* at 855.

This analysis is supported by *Sanctis v. Lagerbusch*, 213 Pa.Super. 483, 488, 249 A.2d 919, 922 (1968) ("... even after a hearing on the rule where the judgment is opened and the appellant permitted to de-

fend, the judgment is still a lien and the lien of levy previously made on an execution outstanding is also retained"). Accord *Joseph Melnick Building & Loan Ass'n v. Melnick*, 361 Pa. 328, 64 A.2d 773, 778–79 (1949); *In re Distribution of Proceeds from Sheriff's Sale*, 479 Pa. 222, 388 A.2d 297, 298 (Pa., 1978) (an order opening a judgment for the purpose of letting in a defense neither extinguishes nor impairs a lien). This rationale is also followed by the Delaware courts. *See Miles v. Layton*, 38 Del. 411, 193 A. 567 (1937). In *Miles*, the court quoted with favor the following explanation from Woolley's Delaware Practice.

> "... the opening of the judgment does not destroy the institution of the suit, and in a case where the judgment is held cautionary it does not affect the lien of the judgment or of execution upon it."

*Id.* 193 A. at 572–73. The *Miles* court concluded:

> The judgments, heretofore existent, are not destroyed but merely opened and held cautionary awaiting the disposition of the issue.

*Id.* 193 A. at 575.

To accept the contention of the Trustee and Debtors would require the court to find that to open a judgment and to vacate a judgment have the same operative meaning and effect. Such a conclusion would be counter to the basic rule of statutory construction that effect should be given to every clause or word of a statute. *Montclair v. Ramsdell*, 107 U.S. 147, 152, 2 S.Ct. 391, 394, 27 L.Ed. 431 (1882). It would also be contrary to the rule of statutory construction that "... a statute is to be read so that no word, clause, sentence or phrase shall be rendered surplusage, superfluous, meaningless or nugatory." *Supervisor of Assessments of Anne Arundel County v. Southgate Harbor*, 279 Md. 586, 590, 369 A.2d 1053, 1055 (1977). Maryland's Court of Appeals has held that "[i]n construing statutes, results that are unreasonable or inconsistent with common sense should be avoided, whenever possible." *Height v. State*, 225 Md. 251, 259, 170 A.2d 212, 215 (1961). It has also instructed that the words of a statute should be given their

natural, ordinary and popular meaning. *Pressman v. Barnes*, 209 Md. 544, 558, 121 A.2d 816, 823 (1956). These same rules of statutory construction should be used to interpret Rules promulgated by the Court of Appeals.

■ Vacate and open have different meanings in the ordinary, natural and popular sense of those terms. As applicable here, vacate means to annul, to make void, or to deprive of validity. See Webster's New Twentieth Century Dictionary of the English Language 2015 (2nd ed. unabr. 1955); Webster's II New Riverside Univ. Dictionary 1273 (1984); The Random House Dictionary of the English Language 2100, no. 3 (2nd ed. unabr. 1987); Webster's New World Dictionary of the American Language 1566 (2nd coll. ed. 1984). The sense of open, on the other hand, is to recall or set aside, so as to permit reexamination on the merits and further action. Webster's New Twentieth Cent. Dict. at 1252, v.t. no. 10; Webster's II New Riverside Univ. Dict. at 823, v.t. no. 11; Webster's New World Dict. at 996, v.t. no. 11. But see The Random House Dict. at 1356, v.t. no. 59a, which includes revoke in the definition. Open may be used as an adjective to designate an open question. Webster's New Twentieth Cent. Dict. at 1252, no. 10 and Webster's New World Dict. at 995, no. 10 ("free to be argued or contested; not settled or decided"); Webster's II New Riverside Univ. Dict. at 822, no. 9b ("Not yet resolved or decided"). If opening and vacating the judgment operated the same, i.e. to destroy the judgment lien, the Rule need only have designated one term or the other.

*Black's Law Dictionary* 1388 (5th ed. 1979) includes the following definition of vacate:

> To annul; to set aside; to cancel or rescind. To render an act void; as, to vacate an entry of record, or a judgment.

By contrast, the definition of open in the context of a judgment is defined as follows:

> **Open a judgment.** To lift or relax the bar of finality and conclusiveness which it imposes so as to permit a re-examination of the merits of the action in which it was rendered. This is done at the instance of a party showing good cause why the execution of the judgment would be inequitable. It so far annuls the judgment as to prevent its enforcement until the final determination upon it . . . .

*Id.* at 983. The prior edition of Black's Law Dictionary 1242 (rev. 4th ed. 1968), had included the following clarifying language immediately after the preceding definition:

> but does not in the meantime release its lien upon real estate. [Houston Township Co-Operative Mutual Fire] Insurance Co. v. Beale, 110 Pa. 321, 1 A. 926, [1885].

Accord, 49 C.J.S. "Judgments" § 265 (1947); 46 Am.Jur.2d "Judgments" § 680 (1969).

Freeman, *Law of Judgments* (5th ed., 1925) and Black, *Blacks on Judgments* (1945) offer additional assistance on the issue raised. Freeman notes that the purpose of a motion or application to open the judgment and make a defense is not to question errors in its entry, but to obtain relief on equitable grounds. Freeman at 1340. Also see *International Harvester Co. v. Neuhauser*, 128 Md. 173, 97 A. 372 (1916). Freeman explains:

> . . . where the case is involved in doubt, or the testimony is so contradictory that the truth cannot be ascertained with reasonable certainty, the defendant should be let into a defense on the merits, the judgment in the meantime being allowed to stand as security until the merits of the case are heard and determined . . . .

Freeman at § 1343. Accord *Sunderland v. Braun Pack. Co.*, 119 Md. 125, 86 A. 126 (1912).

Continuing his discussion, Freeman states:

> [W]here the judgment stands as security and a trial results in favor of the plaintiff an entirely new judgment should not be entered, but the judgment should merely direct that the previous one continue in full force and effect.

Freeman at § 1344.

*Blacks on Judgments*, is in accord with this analysis.

> . . . the usual and favorite practice, upon a proper and timely application for relief against a judgment by confession or de-

fault, is to *open* the judgment, but without vacating it and without impairing its lien, and let the defendant in to a defense on the merits. . . . to open a judgment is not. to set it aside, and that when it is closed by the action of the court it takes its place as if it had never. been disturbed. (emphasis in original)

*Id.* at § 350.

The term vacate implies destruction, but the term open does not. Open merely allows reconsideration. Therefore, in giving independent effect to the terms vacated and opened as used in Maryland Rule 2–611(d), so as not to render either term surplusage, vacated means that the judgment is canceled and consequently a dependent judgment lien is destroyed. On the other hand, opened means that the judgment continues to exist and is not destroyed; rather it is set aside to allow the judgment to be examined. The judgment lien of an opened judgment is in abeyance pending examination. If the challenge to the opened judgment is rejected, an existing judgment lien continues and dates from the lien's inception. If the challenge is successful, the lien will either be destroyed or modified. Express language is not required to continue a judgment lien when a confessed judgment is opened, as contrasted to vacated, although express language may be included to clarify the court's intent or to place conditions on continuation of a judgment lien.

### Conclusion

Open and vacate have independent meanings and stand for two different avenues the court may follow when considering confessed judgments. Opening a judgment for consideration does not destroy a judgment lien, while vacating the judgment does. This conclusion is supported by principles of statutory construction recognized by the Maryland courts, by the plain meaning of the words of Rule 2–611, and by the law of neighboring states. This court concludes that Maryland courts would so hold.

Therefore, (1) the order of November 12, 1992 opening the confessed judgments did not destroy the prepetition judgment lien of Citizens Bank; (2) the lien of Citizens Bank was preserved pending the trial of Debtor's defenses and remains a lien since it was not vacated; (3) the automatic stay should be lifted to allow the validity and amount of the confessed judgments to be litigated; and (4) the automatic stay against execution by Citizens Bank on the confessed judgments will not be lifted at this time.

A separate order will be entered to implement the conclusions reached in this opinion.