672 A.2d 625

**Roger SCHLOSSBERG, Trustee**

v.

**CITIZENS BANK OF MARYLAND.**

**Misc. No. 25, Sept. Term, 1995.**

Court of Appeals of Maryland.

March 7, 1996.

Roger Schlossberg (Curtis Hane, Schlossberg & Associates, on brief), Hagerstown, for Appellant.

John S. Simcox (Sharon J. Bangert, Simcox and Barclay, on brief), Annapolis, for Appellee.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

This case comes to us from the United States Court of Appeals for the Fourth Circuit, pursuant to the Maryland Uniform Certification of Questions of Law Act, Maryland Code (1974, 1995 Repl.Vol.), Courts & Judicial Proceedings Article, §§ 12–601 through 12–609 and Maryland Rule 8–305. We are called on to decide whether a circuit court order "opening" a confessed judgment pursuant to Md.Rule 2–611(d) affects the status of the judgment lien derived from that

confessed judgment. We hold that opening a confessed judgment does not affect the judgment lien.

## I.

The material facts in this appeal are not disputed. The parties have adopted the following statement of facts from the opinion of the United States Bankruptcy Court for the District of Maryland:

"On March 22, 1991 Citizens Bank [of Maryland] obtained confessed judgments against [G. David Broyles and Emily E. Broyles,] [d]ebtors in the Circuit Court for Prince George's County, Maryland in the amount of $859,928.88, including attorneys fees, based on their guarantees of certain corporate debts. Citizens Bank recorded the confessed judgments in the Circuit Court for Worcester County, Maryland on or before April 11, 1991. [The Broyles] owned, as tenants by the entirety, a condominium unit in Ocean City, which is located in Worcester County. * * * After the confessed judgments were recorded in Worcester County, [the Broyles] were served on April 29, 1991 with notices of the entry of judgments by confession, as required by Maryland Rule 2–611(b).

By timely motion, [the Broyles] moved to vacate the confessed judgments pursuant to Maryland Rule 2–611(c). The Circuit Court for Prince George's County denied [the] motion to vacate, and [the Broyles] appealed. On April 10, 1992, the Court of Special Appeals of Maryland entered its opinion reversing and remanding. *EMI Excavation [ ] v. Citizens Bank[ ],* 91 Md.App. 340, 604 A.2d 518[, *cert. denied,* 327 Md. 523, 610 A.2d 796] (1992).

On remand, the Circuit Court for Prince George's County, entered the following order on November 12, 1992, dated November 4, 1992[:]

'ORDERED, that the confessed judgments entered against the Defendants herein be, and hereby are *opened* so that there can be a hearing on the merits of the

Plaintiff's claims and the Defendants' defenses. (Emphasis supplied.)'

During the pendency of the appeal, [the Broyles] had filed petitions for relief under Chapter 7 of the Bankruptcy Code. [11 U.S.C. § 101 *et seq.*] G. David Broyles filed a petition on January 7, 1992, and Emily E. Broyles filed a petition on April 20, 1992. *The two cases were substantively consolidated in August, 1992.*"

After the filing of the Broyles' bankruptcy petitions, Citizens Bank sought to proceed with its confessed judgment action against the Broyles in the circuit court in order to execute upon its judgment lien. The bank moved in the Bankruptcy Court for relief from the automatic stay imposed by 11 U.S.C. § 362 (1994) of the Bankruptcy Code.[1] The Broyles and the bankruptcy trustee, Roger Schlossberg (Trustee), opposed the motion for relief from the automatic stay. The Broyles and the Trustee argued that Citizens Bank's judgment lien on the Ocean City condominium was no longer enforceable because the circuit court had opened the judgment by its order of November 12, 1992. The Bankruptcy Court ruled in favor of Citizens Bank and ordered that the stay be lifted to allow litigation on the confessed judgment action to proceed. *In re Broyles,* 161 B.R. 149 (Bkrtcy.D.Md. 1993). Following appellate review and affirmance in the United States District Court for the District of Maryland, the Trustee appealed to the United States Court of Appeals for the Fourth Circuit. After hearing oral arguments in the case, the Fourth Circuit certified the following question to this Court:

"Pursuant to Maryland Rule 2–611(d), what is the effect on the lien status of a confessed judgment when the state court 'opens' the judgment for a hearing on the merits without

---

1. The "automatic stay" imposed by 11 U.S.C. § 362 (1994) bars creditors from enforcing judgments against debtors who have filed for bankruptcy protection. *See* § 362(a)(2). A creditor may file a motion seeking relief from the automatic stay to allow the creditor to enforce the judgment. *See* § 362(d).

affirmatively stating that the judgment lien is preserved. Subsumed within this question the [C]ourt may consider: (1) whether pursuant to Maryland Rule 2–611(d) the order of the Circuit Court for Prince George's County in which the court 'opened' the confessed judgment in favor of Citizens Bank destroys or affects the priority status of the prepetition lien of the confessed judgment;

(2) whether the prepetition lien status was preserved or destroyed or affected in any other manner pending the state court's disposition of the matter; and,

(3) whether the state court's order must include explanatory language or precautionary conditions to preserve the lien status of the confessed judgment."

## A.

 A confession of judgment clause in a debt instrument is a device designed to facilitate collection of a debt. It is a provision by which debtors agree to the entry of judgment against them without the benefit of a trial in the event of default on the debt instrument. PAUL V. NIEMEYER AND LINDA M. SCHUETT, MARYLAND RULES COMMENTARY, at 464 (2d ed. 1992). As a general rule, a judgment by confession is "entitled to the same faith and credit, as any other judgment." *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370, 141 A. 121, 122 (1927). A confessed judgment operates as a lien against the real property of the defendant located in the county where the judgment is entered. MARYLAND RULES COMMENTARY, at 466. Because the widespread practice of including a provision authorizing a confessed judgment in promissory notes lends itself to fraud and abuse, however, this Court has made clear that judgments by confession are to be " 'freely stricken out on motion to let in defenses.' " *Keiner,* 154 Md. at 370, 141 A. at 123 (citation omitted).

 Rule 2–611 governs the procedure for confessed judgments in Maryland. Judgment by confession may be entered by the circuit court clerk upon the filing of a complaint accompanied by the original or a copy of the instrument

authorizing the confessed judgment and an affidavit specifying the amount due and stating the address of the defendant. Md. Rule 2–611(a). Upon entry of a judgment by confession, the clerk is required to notify the defendant of the entry of judgment and of the deadline for filing a motion to "open, modify or vacate" the judgment. Md.Rule 2–611(b).

If the defendant so moves, the circuit court must determine whether there is a "substantial and sufficient basis for an actual controversy as to the merits of the action." Md.Rule 2–611(d). In other words, the court must determine whether the defendant has a potentially meritorious defense to the confessed judgment complaint. The court does not, however, decide the merits of the controversy at this stage. MARYLAND RULES COMMENTARY, at 466. If the court finds that a basis for a defense exists, the rule requires the court to order that the confessed judgment be opened, modified, or vacated so that the defendant can file a responsive pleading to the plaintiff's complaint and the merits can be determined. Md.Rule 2–611(d).

### B.

In the instant case, Citizens Bank obtained confessed judgments against the Broyles in the Circuit Court for Prince George's County for $859,928.88 on March 22, 1991. Citizens Bank then recorded the confessed judgments in the Circuit Court for Worcester County, where the Broyles owned their condominium. By recording the judgments in Worcester County, the bank obtained a lien on the condominium. *See* Md.Rule 2–621(b) ("[A] money judgment that is recorded and indexed pursuant to Rule 2–623(a) constitutes a lien . . . in the amount of the judgment . . . on the defendant's interest in land located in the county of recording."); *see also* Md.Code (1974, 1995 Repl.Vol.), Courts & Judicial Proceedings Art., § 11–402(c); Md.Rule 2–623(a).

On November 12, 1992, pursuant to Md.Rule 2–611(d), the Circuit Court for Prince George's County ordered that the March 22, 1991 confessed judgments be "opened" to allow a

hearing on the merits of the confessed judgment complaint. The question before us is whether that November 12, 1992 circuit court order *preserved* the judgment lien held by Citizens Bank on the Broyles' condominium pending a hearing on the merits, or whether the order effectively *destroyed* the lien. The Trustee argues that the circuit court order opening the confessed judgment destroyed the lien because it did not include "express affirmative language or precautionary conditions" preserving the judgment lien. Citizens Bank, on the other hand, asserts that such language is unnecessary to preserve the lien when a confessed judgment is opened pursuant to Rule 2–611(d). We agree with the Bank that opening a confessed judgment does not destroy the judgment lien.

 Our analysis begins with the language of Rule 2–611(d), which provides:

> **"Disposition of Motion.**—If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action, the court shall order the judgment by confession opened, modified, *or* vacated and permit the defendant to file a responsive pleading." (Emphasis added).

The rule provides the circuit court with three options. Pending a determination of the merits of the debtor's defenses, the court may either (1) open, (2) modify, *or* (3) vacate the confessed judgment. The use of the disjunctive term "or" in the rule indicates that each of these three options has a different effect on the status of the judgment. *See In re John R.,* 41 Md.App. 22, 25, 394 A.2d 818, 820 (1978) (use of "or" in statute indicates a relationship of contrast or opposition).

 In a well-reasoned and thoroughly-researched opinion, the bankruptcy court concluded that an order *vacating* a confessed judgment destroys the judgment lien, but an order *opening* a confessed judgment does not. The court explained:

> "Vacate and open have different meanings.... As applicable here, vacate means to annul, to make void, or to deprive of validity. The sense of open, on the other hand, is to

recall or set aside, so as to permit reexamination on the merits and further action. * * * If opening and vacating the judgment operated the same, i.e. to destroy the judgment lien, the [r]ule need only have designated one term or the other.

BLACK'S LAW DICTIONARY 1388 (5th ed.1979) includes the following definition of vacate:

'To annul; to set aside; to cancel or rescind. To render an act void; as, to vacate an entry of record, or a judgment. [* * *]'

By contrast, the definition of open in the context of a judgment is defined as follows:

'**Open a judgment.** To lift or relax the bar of finality and conclusiveness which it imposes so as to permit a reexamination of the merits of the action in which it was rendered. This is done at the instance of a party showing good cause why the execution of the judgment would be inequitable. It so far annuls the judgment as to prevent its enforcement until the final determination upon it. [* * *]'

[BLACK'S LAW DICTIONARY,] at 983.

> \* \* \* \* \* \*

The term vacate implies destruction, but the term open does not. Open merely allows reconsideration. Therefore, in giving independent effect to the terms vacated and opened as used in Maryland Rule 2–611(d), so as not to render either term surplusage, vacated means that the judgment is canceled and consequently a dependent judgment lien is destroyed. On the other hand, opened means that the judgment continues to exist and is not destroyed; rather it is set aside to allow the judgment to be examined. * * * Express language is not required to continue a judgment lien when a confessed judgment is opened, as contrasted to vacated, although express language may be included to clarify the court's intent or to place conditions on continuation of a judgment lien." (Citations omitted).

*In re Broyles,* 161 B.R. at 154–155. We agree with this analysis. We hold that opening a confessed judgment is a procedure that allows the court to consider the merits of the defendant's defense to the action without destroying the judgment's validity. The judgment, and any judgment lien derived from it, remain in effect while the court considers the merits of the defense.

In *Williams v. Johnson,* 261 Md. 463, 276 A.2d 95 (1971), this Court analyzed a defendant's challenge to a confessed judgment under former Rule 645 b, a predecessor to Rule 2–611(d). In *Williams,* the defendant filed an answer that claimed she was not liable on a confessed judgment promissory note because the signature on the note was a forgery. We concluded that "an actual controversy exist[ed]" as to whether the defendant was liable on the note. *Williams,* 261 Md. at 468, 276 A.2d at 98. Hence, we held that "the confessed judgment should have been opened" and the controversy decided after a trial on the merits. *Id.* In our mandate, we ordered that the confessed judgement was to be opened pending the trial, but that it was to *"continue as a valid judgment unless vacated." Williams,* 261 Md. at 469, 276 A.2d at 98.

In 1972, the year after *Williams* was decided by this Court, Rule 645 was amended and a new section added to the rule. The minutes of a Rules Committee meeting preceding the change in the rule reveals that the amendment was intended to codify the *Williams* holding. The minutes indicate:

> "There was lengthy discussion on the distinctions between final judgment, judgment absolute, and judgment nisi *as well as the nuances of opening judgment as opposed to vacating judgment.* It was suggested that proposed subsection d of Rule 645 was in effect a summary of the ruling in *Williams....*" (Emphasis added.)

Minutes, *Court of Appeals Standing Committee on Rules of Practice and Procedure,* at 13 (Dec. 3, 1971). By incorporating *Williams* into Rule 645, this Court intended to incorporate the mandate from that case, that an opened judgment contin-

ues as valid unless vacated. We have made additional changes to the rule in subsequent revisions, but present Rule 2–611(d) is similar to the version intended to adopt the *Williams* holding.

We reject the Trustee's contention that opening a confessed judgment destroys the validity of the underlying judgment lien unless the court order contains express affirmative language preserving the judgment. To the contrary, this Court's mandate in *Williams* makes clear that an opened judgment remains in effect *unless expressly vacated.* To adopt the Trustee's interpretation would require us to conclude that there is no functional distinction between opening the judgment and vacating it. As the bankruptcy court pointed out, such an interpretation would contravene the basic rule of statutory construction that a statute should be construed so that no word is rendered superfluous or meaningless. *See In re Broyles,* 161 B.R. at 153 (quoting *Supervisor of Assessments of Anne Arundel County v. Southgate Harbor,* 279 Md. 586, 590, 369 A.2d 1053, 1055 (1977)).

Hence, in answer to the certified question, we hold that a judgment lien remains valid when a court "opens" a confessed judgment for a hearing on the merits pursuant to Rule 2–611(d) and the priority status of the judgment lien is not affected by the opening. Further, we hold that no affirmative language is necessary to preserve the lien when a confessed judgment is opened.

*CERTIFIED QUESTIONS ANSWERED AS SET FORTH ABOVE. COSTS TO BE PAID BY APPELLANT.*