# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Anthony Watts,**
**Defendant Below, Petitioner**

**vs)  No. 18-0407** (Mineral County 17-C-78)

**R.E. Michel Company, LLC,**
**Plaintiff Below, Respondent**

and

**State of West Virginia ex rel. Anthony Watts,**
**Petitioner**

**vs) 19-0024** (Mineral County 16-C-78)

**Honorable James W. Courier Jr.,**
**Judge of the Circuit Court of Mineral County,**
**Respondent**

**FILED**

**May 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anthony Watts, by counsel Lawrence E. Sherman Jr., appeals the Circuit Court of Mineral County's March 2, 2018, order denying his Rule 60(b) motion "to set aside any prior Orders entered by t[he c]ircuit [c]ourt . . . in both 16-C-78 and 17-C-78 . . . ." In addition, petitioner filed a petition for a writ of mandamus requesting that he be allowed to present evidence from a handwriting expert as to the authenticity of petitioner's signature on a certain agreement. Respondent R.E. Michel Company, LLC, by counsel David Collins, submitted responses to both the petition for appeal and the petition for a writ of mandamus. Respondent Judge James W. Courrier Jr. submitted a response to the petition for a writ of mandamus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court in Case No. 18-0407 is appropriate under Rule 21 of the Rules of Appellate Procedure. In addition, upon consideration whereof, the Court is of the opinion that a rule should not be awarded in Case No. 19-0024, and the writ prayed for by petitioner is hereby refused.

Petitioner's signature appears on an undated guaranty that specifically provides that he,

1

as the customer/guarantor, guaranteed payment to Respondent R.E. Michel Company, LLC, of

> all amounts due from Customer, including purchases, service charges, interest, collection fees, court costs, and attorney fees. In the event of default, Guarantor(s) authorizes any attorney of a Court of Record to appear for me/us, and to confess judgment against me/us for the full amount due to Creditor. In the event of litigation, unless otherwise determined by Creditor in its sole discretion, personal jurisdiction and venue shall be in the State of Maryland.

Respondent filed a complaint for confessed judgment against petitioner in the Circuit Court of Baltimore County, Maryland, in 2016. Respondent attached a copy of the guaranty to that complaint, asserting that petitioner personally guaranteed the obligations of Anthony Watts HVACR LLC owing to respondent. In that complaint, respondent claimed that "the principal balance represents goods and equipment purchased by Anthony Watts HVACR LLC" from respondent pursuant to the terms of the credit application and sales agreement, plus collection fees of $14,516.77. Under the credit application, Anthony Watts HVACR LLC agreed to pay collection fees calculated at a rate of 25%. Therefore, the total balance owing at that time was $72,583.83.[1] On June 15, 2016, the Maryland court entered an "Order Directing Clerk to Enter Judgment by Confession," finding that, pursuant to Maryland Rule 2-611(b), respondent's complaint complied with the requirements of Rule 2-611(a) and respondent had demonstrated a factual and legal basis for entitlement to confess judgment. The judgment against petitioner was for $72,583.83, plus the cost of suit of $185. Post-judgment interest was to accrue at a rate of 10% per year after the date the judgment was entered.

On or about July 2, 2016, petitioner filed a motion in the Maryland court to vacate the judgment by confession, but that motion was denied. The Maryland court found, in relevant part, that "[w]ith no facts submitted under affidavit as is required by Rule 2-611(d) & (e), there is no basis for the motion to be granted. No substantial and sufficient basis for an actual controversy as to the merits of the action has been stated." Petitioner sought to appeal to the Maryland Court of Appeals seeking to overturn the denial of his motion to vacate the judgment by confession. However, because he failed to file the documents necessary to perfect that appeal, it was dismissed.

After the Maryland judgment was registered in Mineral County, West Virginia, in Civil Action No. 16-C-78, petitioner moved the circuit court to vacate the judgment by confession. The circuit court later denied that motion. Respondent filed its August 11, 2017, complaint to enforce the judgment lien, initiating Civil Action No. 17-C-78 in the Circuit Court of Mineral County. On January 18, 2018, respondent filed its "Documentation for the Court's Review and Request to Uphold Order Appointing Special Commissioner to Sell Real Property." By order entered March 2, 2018, the circuit court found that, based on such documentation, the underlying

---

[1] Included in the record is a statement from respondent that refers to R.E. Michel Company, LLC, as a wholesale distributor. The statement appears to show charges made by Anthony Watts HVACR LLC of Fort Ashby, West Virginia, between December 1, 2015, and May 17, 2016, with a balance due in the amount of $58,067.06.

foreign judgment at issue is valid, was properly registered in accordance with West Virginia Code § 55-14-2, and is entitled to full faith and credit in West Virginia. The circuit court further found that respondent is entitled to proceed with the sale of petitioner's real property, "as previously ordered by [the circuit c]ourt." In its March 2, 2018, order, the circuit court also denied petitioner's Rule 60(b) motion and upheld its "Order Appointing Special Commissioner to Sell Real Property."[2] Petitioner appeals from that order.[3]

This Court has previously recognized that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Further, we have stated:

> 4. In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.

> 5. A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

Syl. Pts. 4 and 5, *Toler* at 778, 204 S.E.2d at 86.

On appeal, petitioner asserts four assignments of error. At the outset, he argues that the circuit court erred in finding that the Maryland judgment by confession is valid because he did not sign the guaranty containing the confessed judgment; he now asserts that the signature on the guaranty is a forgery. He contends that the Maryland judgment is not entitled to full faith and credit because it is invalid under West Virginia law. Petitioner admits that guaranty contracts are governed by the law of the state where the last act necessary to make them binding takes place; therefore, Maryland law governs the agreement. *See Gen. Electric Co. v. Keyser*, 166 W. Va. 456, 275 S.E.2d 289 (1981). Petitioner asserts that, under Maryland law, a trial on the merits is required because the allegation that the signature is a forgery is a defense to the claim under the rule allowing for a motion to open, modify, or vacate a confessed judgment.

Respondent points out that petitioner failed to argue that his signature was a forgery until

---

[2] On March 9, 2018, the circuit court entered an order granting petitioner's motion to stay the sale of his property "until such time as the Supreme Court renders a decision and ruling in regard to [petitioner's] appeal" of the circuit court's March 2, 2018, order.

[3] The parties were involved in two actions in Mineral County. Civil Action No. 16-C-78, before Judge Courrier, was filed to register the Maryland judgment, while 17-C-78, before Judge Nelson, was filed to enforce Judge Courrier's order to sell petitioner's residence in order to satisfy the judgment.

he filed his amended Rule 60 motion in the Circuit Court of Mineral County – nearly two years after the Maryland judgment was entered against petitioner. Petitioner set that matter for hearing on June 19, 2018, before the circuit court in 16-C-78, which was the underlying registration of the foreign judgment case. As a result, respondent asserts that petitioner seeks to re-litigate issues that could have been raised in the Maryland proceeding. Respondent also argues that because petitioner's forgery claim could have been asserted in that Maryland action, he is barred by the doctrine of res judicata from raising that issue now.

In addressing res judicata, this Court has held as follows:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). It is clear that elements one and two of *Blake* have been satisfied, in part because petitioner failed to file the documents necessary to perfect his appeal in Maryland in 2016. With regard to the third element, the Maryland action was a confessed judgment based upon the guaranty at issue. Respondent sought repayment of the principal balance for goods and equipment purchased by Anthony Watts HVACR LLC, as personally guaranteed by petitioner. At no point during the Maryland action did petitioner assert that the signature on that guaranty was a forgery. Based upon the entry of that judgment, respondent filed Civil Action No. 16-C-78 to register that Maryland judgment in West Virginia, and the Circuit Court of Mineral County did just that. In 17-C-78, respondent sought to enforce the judgment registered in 16-C-78. Only after judgment had been entered against petitioner in all three cases did he assert that his signature was a forgery. Under the facts of this case, the third element of *Blake* has been satisfied. Therefore, we find no merit to petitioner's first assignment of error.

Petitioner next argues that the circuit court erred by finding that the Maryland judgment is valid when the guaranty containing the confessed judgment is invalid under Maryland law; this argument is based on his contention that the guaranty fails to refer to the principal obligation guaranteed and is written so that petitioner is impermissibly guaranteeing his own debt. Petitioner correctly argues that, under Maryland law, a promise of guaranty cannot exist without reference to the obligation it secures. *See McGinley v. Massey*, 525 A.2d 1076 (Md. App. 1987). As set forth above, the guaranty guaranteed payment for "all amounts due from Customer, including purchases, service charges, interest, collection fees, court costs, and attorney fees. . . ." The guaranty provides that credit is extended to "Anthony Watts ('Customer'), the undersigned ('Guarantor') . . . ." As part of that agreement, Anthony Watts agreed to guarantee payment to respondent for "all amounts due from Customer, including purchases, service charges, interest, collection fees, court costs and attorney fees. . . ." The credit application provided that Anthony Watts HVACR LLC would pay collection fees calculated at a rate of 25% of the amount placed.

4

Respondent presented invoices that were sent to petitioner's business and placed those documents before the Maryland court in order to obtain the underlying judgment against petitioner. Those invoices include dates, reference numbers, and past due amounts.

Under Maryland law, "the true test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant. . . ." *Spacesaver Sys., Inc. v. Adam*, 98 A.3d 264, 268-69 (Md. 2014) (quoting *Gen. Motors Acceptance Corp. v. Daniels*, 492 A.2d 1306, 1310 (Md. 1985)). Further, in Maryland, when determining whether a contract is ambiguous, a court may consider "the character of the contract, its purpose, and the facts and circumstances of the parties at the time of execution[.]" *Calomiris v. Woods,* 727 A.2d 358, 363 (Md. 1999) (quoting *Pac. Indem. v. Interstate Fire & Cas.,* 488 A.2d 486, 488 (Md. 1985)) (internal quotation marks omitted). While the guaranty did not set forth a sum certain, the Maryland court impliedly found the guaranty sufficient to support judgment against petitioner. Based upon the plain language of the guaranty, we do not find error in the circuit court's findings upholding the Maryland judgment or the circuit court's enforcement of the properly registered judgment in West Virginia.

In his third assignment of error, petitioner asserts that the circuit court erred in finding that the Maryland judgment by confession is valid when the confessed judgment provision is invalid under Maryland law because (1) it was prohibited by several Maryland statutes and (2) it was part of the guaranty contract that expressly tied the confession of judgment to a default under the guaranty agreement. Petitioner asserts that judgments by confession are not favored in Maryland because Maryland courts have long-recognized that the practice of including a provision authorizing confession of judgment in a written obligation lends itself to fraud and abuse. *See Sager v. Hous. Comm'n of Anne Arundel Cty*., 855 F.Supp.2d 524 (D.Md. 2012). In support of this argument, petitioner also cites to several Maryland statutes that he claims prohibit the use of confessed judgments.

Petitioner's arguments ignore numerous holdings from Maryland courts entering and upholding confessed judgments. As the Maryland Appellate Court explained in *NILS, LLC v. Antezana*, 912 A.2d 45, 50 (Md.App. 2006),

> [i]n *Schlossberg v. Citizens Bank,* 341 Md. 650, 655, 672 A.2d 625 (1996), Judge Chasanow well stated the function of a judgment by confession.
>
> > A confession of judgment clause in a debt instrument is a device designed to facilitate collection of a debt. *It is a provision by which debtors agree to the entry of judgment against them without the benefit of a trial in the event of default on the debt instrument.* PAUL V. NIEMEYER AND LINDA M. SCHUETT, MARYLAND RULES COMMENTARY, at 464 (2d ed.1992). As a general rule, a judgment by confession is "entitled to the same faith and credit, as any other judgment."
>
> (Emphasis supplied).

The courts, however, have been liberal in considering attacks on confessed judgments by aggrieved creditors.

> Because the widespread practice of including a provision authorizing a confessed judgment in promissory notes lends itself to fraud and abuse, however, this Court has made clear that *judgments by confession are to be "'freely stricken out on motion to let in defenses.'"*

*Id.* (emphasis supplied).

The *Schlossberg* opinion also laid out the procedures to be followed when a motion to vacate a confessed judgment is filed.

> Rule 2–611 governs the procedure for confessed judgments in Maryland. *Judgment by confession may be entered by the circuit court clerk upon the filing of a complaint* accompanied by the original or a copy of the instrument authorizing the confessed judgment and an affidavit specifying the amount due and stating the address of the defendant. Md. Rule 2–611(a). Upon entry of a judgment by confession, *the clerk is required to notify the defendant of the entry of judgment and of the deadline for filing a motion to "open, modify or vacate" the judgment.* Md. Rule 2–611(b).
>
> *If the defendant so moves, the circuit court must determine whether there is a "substantial and sufficient basis for an actual controversy as to the merits of the action."* Md. Rule 2–611(d). In other words, *the court must determine whether the defendant has a potentially meritorious defense to the confessed judgment complaint.* The court does not, however, decide the merits of the controversy at this stage. MARYLAND RULES COMMENTARY, at 466. If the court finds that a basis for a defense exists, the rule requires the court to order that the confessed judgment be opened, modified, or vacated so that the defendant can file a responsive pleading to the plaintiff's complaint and the merits can be determined. Md. Rule 2–611(d).

*Id.* at 655–56, 672 A.2d 625 (emphasis supplied).

In petitioner's underlying Maryland action, he had the opportunity to challenge the guaranty and the confessed judgment by following the procedures set forth above. However, he failed to perfect his appeal. For these reasons, we find no merit to petitioner's third assignment of error.

Finally, petitioner asserts that the circuit court erred in finding the Maryland judgment by

confession to be valid because the confessed judgment violates West Virginia public policy. He argues that West Virginia may decline to enforce an out-of-state judgment if the substantive rights under another state's laws sought to be enforced are against the public policy of the forum state. He contends that West Virginia public policy and law evidence an overarching hostility toward confessions of judgment. In his brief, he asserts that "[s]ince the power granted to attorneys to confess judgment in a note is not recognized in West Virginia courts, West Virginia courts strictly construe such powers when judgments by confession obtained in other states are sought to be enforced in West Virginia. . . ." While certain West Virginia statutes prohibit a consumer from authorizing a person to confess judgment on a claim arising out of specified consumer credit transactions in West Virginia, there is no prohibition on West Virginia courts giving full faith and credit to confessed judgments entered in other states. As set forth above, the parties agreed that the guaranty would be governed by Maryland law, and confessed judgments, while not favored, are permissible under Maryland law. Petitioner also failed to perfect his appeal in Maryland, which would have allowed him to challenge the confessed judgment. Further, he has not argued that the charges at issue were fraudulent or that his business did not incur the charges as set forth in the invoices. For these reasons, under the specific facts of this case, we also find no merit in petitioner's fourth assignment of error.

The circuit court order in Case No. 18-0407 is hereby affirmed, and the writ prayed for in Case No. 19-0024 is hereby refused.

**ISSUED:** May 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

7